UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

VIRNETX, INC., ET AL )
    Plaintiffs )
)
v. ) Miscellaneous Business Docket No.: _____
)
APPLE INC. )
    Defendant )

**ROTHMAN AND SRIP LAW'S MOTION TO QUASH SUBPOENAS AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR FOR ENTRY OF PROTECTIVE ORDER AND FOR RECOVERY OF ATTORNEYS' FEES**

Non-parties Joel B. Rothman ("Rothman") and Schneider Rothman Intellectual Property Law Group PLLC ("SRIP Law"), pursuant to Fed. R. Civ. P. Rules 45(c) and 26(c) and Local Rule 7.1, respectfully move to quash the attached two subpoenas (the "Subpoenas") issued from this Court by VirnetX Inc. ("VirnetX") in connection with a patent infringement matter pending in the United States District Court for the Eastern District of Texas, Tyler Division (VirnetX, Inc. and Science Applications International Corporation v. Apple Inc., Civil Action Nos. 6:11-cv-563 and 611-cv-855) ("*VirnetX v. Apple*"). Copies of the Subpoenas are attached hereto as Exhibit 1 and Exhibit 2 and incorporated herein by reference.

**I.    INTRODUCTION**

The Subpoenas should be quashed for three reasons. First, the Subpoenas should be quashed because the Plaintiff improperly seeks to end-run the established discovery procedures of the United States Patent and Trademark Office ("USPTO"). In addition to being extraordinarily overbroad (148 total requests for the production of documents and deposition topics)(hereafter respectively "Document Requests" and "Testimony Categories"), the

Subpoenas do not, in fact, seek any information relevant to *VirnetX v. Apple*. They are, rather, an improper and impermissible attempt to use this Court to obtain discovery in connection with a proceeding pending in the USPTO. Second, the Subpoenas should be quashed because they place an undue burden on non-parties Rothman and SRIP Law and therefore violate the prohibition in Fed.R.Civ.P. 26(c) that a party seeking discovery may not place an "undue burden," on a non-party. The Document Requests and Testimony Categories are unlimited in time and are so overbroad in scope that each violates this obligation of the party issuing the subpoena. Third, the Subpoenas also seek information clearly protected by the attorney-client privilege and work-product doctrine. In addition, because VirnetX failed to take reasonable steps to avoid imposing an undue burden on Rothman and SRIP Law, both also respectfully request this Court to award the reasonable attorneys' fees incurred as a result of these subpoenas.

## II. PARTIES

VirnetX, the party that served both Subpoenas, is the Plaintiff in *VirnetX v. Apple*, which are consolidated patent infringement cases currently being litigated in the Eastern District of Texas. In these cases, VirnetX has alleged that certain Apple Inc. ("Apple") products infringe on five U.S. patents owned by VirnetX, namely U.S. Patent Nos.: U.S. Patent No. 8,051,181 ("'181 Patent"), 6,502,135 ("'135 Patent"), 7,418,504 ("'504 Patent"), 7,490,151 ("'151 Patent") and 7,921,211 ("'211 Patent"). A copy of the Consolidated and Amended Complaint (the "Amended Complaint") is attached hereto Exhibit 3 and incorporated herein by reference.

New Bay Capital, LLC ("New Bay") is not a party to *VirnetX v. Apple*, and it has no relationship or affiliation to either of the parties to that case. However, New Bay filed four (4) petitions for Inter Partes Review (the "IPR Petitions") on June 23, 2013 with the Patent Trial and

Appeal Board ("PTAB") of the USPTO challenging the validity of certain claims of VirnetX's '135, '151, '504 and '211 Patents.[1]

Eastern Shore Capital, LLC ("Eastern Shore") is New Bay's parent company and is a real party in interest in the IPR Proceedings.

Rothman is an attorney, Board Certified in Intellectual Property Law, who practices in Boca Raton, Florida. Rothman maintains a professional association, Joel Benjamin Rothman, P.A. ("JBRPA"). JBRPA is a member of SRIP Law which, specializes in patent, trademark, copyright, computer and internet law. Through JBRPA, Rothman is a Vice President of New Bay.

## III.   FACTUAL AND PROCEDURAL BACKGROUND

The Subpoenas were served on July 15, 2013. They contain one hundred and forty eight (148) total requests (seventy-four (74) Document Requests and seventy-four (74) Testimony Categories) with a video-deposition noticed for August 1, 2013. Rothman and SRIP Law are each directed to produce all of the documents by August 1, 2013 or seventeen (17) days after service of the Subpoenas. In addition to these Subpoenas, VirnetX's counsel served three (3) substantially identical subpoenas on the Massachusetts lawyers that filed the IPR petitions for New Bay[2] and two (2) substantially identical subpoenas on New Bay and Eastern Shore[3]. In total, the seven subpoenas include more than 400 separate document requests, and seek deposition testimony on more than 300 categories, none of which relate to the claims or defenses at issue in *VirnetX v. Apple*. Neither Rothman, SRIP Law, New Bay, or Eastern Shore are parties

---

[1] An IPR is a statutorily authorized proceeding to challenge the validity of issued patents.

[2] The Sunstein Kann Murphy & Timbers law firm filed a Motion to Quash these subpoenas in the United States District Court for the District of Massachusetts, Case No.: 1:13-mc-91173.

[3] New Bay and Eastern Shore filed a Motion to Quash these subpoenas in the United States District Court for the District of Delaware, Case No.: 1:13-mc-237-UNA.

to, or are in any way involved in *VirnetX v. Apple*. A copy of the Declaration of Non Party Joel B. Rothman (the "Rothman Declaration") is attached hereto Exhibit 4 and incorporated herein by reference. Rothman is not a former employee of, nor has he ever worked for, either VirnetX or Apple, the parties in the underlying case. Rothman has never been an employee of or worked for, any entity that to his knowledge is owned by, affiliated with, related to or controlled by either of these entities [Rothman Declaration ¶7]. Neither Rothman nor SRIP Law has ever provided legal services to VirnetX or Apple or to any entity that, to the knowledge of either, is owned by, affiliated with, related to, or controlled by VirnetX or Apple [Rothman Declaration ¶¶8-9, 13-14]. At no time did Rothman or SRIP Law have any communications regarding the *VirnetX v. Apple* matter with VirnetX or Apple or with any entity that to the knowledge of either is owned by, affiliated with, related to or controlled by either of these entities. [Rothman Declaration ¶¶10-11]. Rothman and SRIP Law have no role in the *VirnetX v. Apple* lawsuit and no knowledge of this suit superior to any other lawyers who maybe monitoring it.

The Subpoenas reference additional entities, including Eastern Shore Capital Management, Braeburn Capital, Inc. and Moody Aldrich Partners, LLC. *See* Document Requests 11, 14-15, 17, 20-21, 23, 26-27 and Depo. Topics 11, 14-15, 17, 20-21, 23, 26-27. Neither Rothman nor SRIP Law represents any of those entities and possesses no information regarding such entities. [Rothman Declaration ¶12]. Rothman is not and never has been an officer, director, employee or representative of Eastern Shore Capital Management, Braeburn Capital, Inc. or Moody Aldrich Partners, LLC.

Neither Rothman nor SRIP Law are counsel to New Bay in connection with the IPR proceedings before the USPTO. Neither New Bay nor Eastern Shore has been served with a complaint alleging infringement of any patent, and as part of its IPR petitions, New Bay has

certified that neither New Bay nor Eastern Shore (the real parties in interest for the IPRs) was in privity with any party that was served with a complaint of patent infringement more than one year prior to the filing of its Petitions. *See* 35 U.S.C. § 315(b) (an IPR cannot be instituted "if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent"). The Subpoenas appear to be nothing more than a fishing expedition by VirnetX to improperly use *VirnetX v. Apple* and this Court to secure documents and information to challenge New Bay's privity certification in the IPR Proceedings pending in the USPTO. Notably, VirnetX has not sought any discovery in the IPR Proceedings concerning the accuracy of New Bay's privity certification. As such, New Bay is entitled to request IPRs of the VirnetX patents and to conduct such IPRs without interference from VirnetX by way of an unrelated litigation to which New Bay is not a party.

## IV. ARGUMENT

### A. The Court Should Quash Both Subpoenas as Improper Efforts to Secure Discovery VirnetX is not Entitled to in the Inter Partes Review Proceedings.

Congress designed IPR proceedings to be a quick and cost effective alternative to federal district court patent litigation. *See* H. Rep. No. 112-98, at 45-48 (2011). Whereas discovery in federal courts can be expensive and last years, there is a one-year statutory deadline for completion of IPR proceedings. 35 U.S.C. § 316(a)(11). As such, discovery in IPR proceedings is significantly limited.[4]

---

[4] Discovery in the IPR proceeding is "significantly different from the scope of discovery generally available under the Federal Rules of Civil Procedure." *Garmin International Inc. et al. v. Cuozzo Speed Technologies LLC*, Case IPR2012-000001, Paper 26 at 6 (PTAB March 5, 2013) (noting that the discovery standard for *inter partes* review is restricted 'to particular limited situations such as minor discovery. . . or discovery that is justified by the special circumstances of the case'"). "Limited discovery lowers the cost, minimizes the complexity, and shortens the period required for dispute resolution." *Id.*

The America Invents Act (which established the inter partes review system) only permits two areas of discovery in IPR proceedings: (1) depositions of witnesses submitting affidavits or declarations, and (2) additional discovery that is "necessary in the interests of justice." 35 U.S.C. 316(a)(5); *see also* 37 C.F.R. § 42.51(b)(2) ("The moving party must show that such additional discovery is in the interests of justice . . . .").

The USPTO has established a procedure that a requesting party seeking "additional discovery" in an IPR proceeding must follow. Specifically, the requesting party must first consult with the opposing party. 37 C.F.R. § 41.123(b). If the opposing party objects to the discovery, the requesting party must file a motion for authorization with the PTAB, describing in detail the relevance of requested information. 37 C.F.R. § 41.156(a). The party requesting the additional discovery bears the burden of showing "that such additional discovery is in the interests of justice." 37 C.F.R. § 41.150(c). In deciding whether additional discovery is "necessary in the interest of justice," the PTAB considers various factors, including whether the discovery is "more than a possibility and mere allegation" and whether the requests are overly burdensome. *Garmin International v. Cuozzo Speed Technologies LLC*, Case IPR2012-000001, Paper 26 at 6 (PTAB March 5, 2013). Depending upon the merits of the motion, the Board can grant the request, deny the request, or "specify conditions for such additional discovery." 37 C.F.R. § 41.150(c). A copy of the PTAB Rules attached hereto as Exhibit 5, and incorporated herein by reference. The America Invents Act was so concerned with abuses of discovery and process that it expressly authorized the USPTO to limit the scope of discovery and to prescribe sanctions for abuse of discovery, abuse of process, or any other improper use of an IPR proceeding, such as to harass or to cause unnecessary delay or an unnecessary increase in the cost of the proceeding. See 35 U.S.C. §316(b)-(c) and 37 C.F.R. §42.12(a).

## B. The Subpoenas Request Information That is Unrelated to the Litigation From Which the Subpoena Issued and Is Therefore Outside the Scope of Discovery.

The discovery sought by VirnetX is directed to the IPR Proceedings, not to *VirnetX v. Apple*. This is evidenced from the Subpoenas themselves, each of which contains sixteen (16) Document Requests and Testimony Categories that specifically use the terms "IPR," "inter partes review," or "petition before the U.S. Patent and Trademark Office"; sixteen (16) Document Requests and Testimony Categories that specifically refer to entities that VirnetX sued for patent infringement; and five (5) Document Requests and Testimony Categories that concern the "real party in interest" in the IPR Proceedings.

The information sought in the Subpoenas issued to Rothman and SRIP Law are an attempt by VirnetX to determine if New Bay or Eastern Shore, or New Bay's attorneys, are in any way in privity with Apple, Cisco, or Microsoft. This privity issue, while not relevant to the *VirnetX v. Apple* action, is significant in the IPRs. Privity is not an element of the patent infringement claims in *VirnetX v. Apple* and is only relevant in patent infringement cases to analyze the issue of assignor estoppel, which is not an issue in *VirnetX v. Apple*.[5] The issue is solely for the PTAB to determine. To the extent VirnetX desires to take discovery in connection with the IPRs on the privity issue, it is required to follow the rules described above, and obtain New Bay's agreement or prior authorization from the PTAB. The portions of the Subpoenas that do not relate directly to Rothman's status as a Vice President of New Bay seek information

---

[5] *Check Point Systems v. All Tag Sec, S.A.*, 412 F.3d 1331 (Fed Cir. 2005).

regarding non-party Rothman and SRIP Law's potential relationships with the defendant in *VirnetX v. Apple,* including whether Rothman or anyone at SRIP Law has ever been an employee of Apple, represented Apple, had any kind of "arrangement" with Apple, or held stock in Apple. *See* Document Requests 1-2, 10, 16, 22, 33 and Testimony Categories 1-2, 10, 16, 22, 33. Neither Rothman nor SRIP Law have any such relationships and none of these topics has any bearing on the claims or defenses at issue in *VirnetX v. Apple*.

As the purpose of the Subpoenas is to seek information that is solely relevant to the IPR Proceedings at the USPTO, the federal district courts cannot be used to obtain discovery unless it was authorized by the USPTO. Absent such authorization, the Subpoenas must be quashed. *See Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979)[6] (describing "the disrupting effects of allowing district court interference in Patent Office proceedings); *Peer Bearing v. Roller Bearing Co*., 2012 WL 6628038 (E.D. Pa. 2012) (explaining that "federal courts [provide] only a supportive role ensuring the smooth functioning of the procedures adopted by the USPTO... consistent with the USPTO's plenary authority to determine procedures for its own proceedings"), citing *Frilette v. Kimberlin*, 508 F.2d 205, 208 (3d Cir. 1974); and *Sheehan v. Doyle*, 513 F.2d 895 (1st Cir. 1975) ('[o]ur decision merely precludes use of federal courts as alternative forums of first resort rather than as forums acting strictly in aid of the primary proceeding").

Finally, to the extent that VirnetX is seeking to use the information obtained through the Subpoenas in connection with the IPRs, the Protective Order in *VirnetX v. Apple* bars such use. Attached to the Subpoenas is the "Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials," entered in *VirnetX v. Apple* which provides that "[a]ll Protected Material shall be used solely for this case or any related appellate proceeding, and *not for any other*

---

[6] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings ...*" All of the information sought by the Subpoenas is non-public confidential information of New Bay and/or Eastern Shore, and would be appropriately designated as "Confidential" or "Confidential -- Attorneys Eyes Only" under the terms of the Protective Order. Further, much of the information sought is also protected from disclosure by the attorney/client and/or work privileges.

The Subpoenas to Rothman and SRIP Law are simply an attempt to circumvent the limits that have been placed on discovery in connection with IPR proceedings and, as they do not seek information or testimony that is relevant to the claims or defenses at issue in *VirnetX v. Apple*, they must be quashed.

### C. The Court Should Quash Both Subpoenas Pursuant to Rule 45(c)(3).

Rule 45 governs discovery of non-parties by subpoena. Rule 45(c)(3)(A) provides that an issuing court *must* quash or modify a subpoena that "fails to allow a reasonable time to comply,. . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(emphasis added). If an objection is made to the subpoena, the party serving the subpoena is not entitled to the documents at issue but may, upon notice to the person commanded to produce, seek an order to compel the production. Fed.R.Civ.P. 45(c)(2)(B).

The scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules. Fed.R.Civ.P. 45, advisory committee's note to the 1970 Amendments. In analyzing a subpoena, a court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards set forth in Rule

26(b) and as applied to Rule 34 requests for production. *See id.*

Although Rule 26(b) applies to discovery of non-parties as well as parties in a suit, requests for non-party production of discovery materials require courts to engage in a case-specific balancing test and weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by the requests and the particularity with which the documents are described against the burden imposed on a person ordered to produce the desired information. *United Technologies Corp. v. Mazer,* 2007 WL 788877 *1 (S.D.Fla. March 14, 2007) (citing *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545 (11th Cir.1985)). Courts must also consider the status of a witness as a non-party when determining the degree of burden; the status of the person as a non-party is a factor often weighing against disclosure. *Id.*

It is frankly difficult to imagine requests for documents or for testimony of non-parties that would place more of an undue burden on Rothman and SRIP Law than the two Subpoenas served by VirnetX. The Subpoenas are both unlimited as to time. They have been served upon two non-parties, neither of which has or had any role in the underlying *VirnetX v. Apple* action, neither of which has ever represented either VirnetX or Apple, neither of which has ever been contacted by, communicated with or discussed that action with either VirntX or Apple. [Rothman Affidavit]. The Subpoenas contain seventy-four (74) Document Requests, again without any time limitation, demand all of the requested documents be produced with seventeen (17) days, and request both personal and business records which, even in the most expansive reading, are not reasonably calculated to the discovery of admissible evidence. By way of example, Document Request No. 32 and the same number Testimony Category seeks from both Rothman individually and SRIP Law:

> For you and each of your agents, representatives or attorneys, documents that describe, identify, refer to, or relate to all business entities for which such persons serve or have served as past or present directors, officers, employees, agents, organizers, attorneys, agents, representatives or consultants.

The above request, would literally require Rothman to search for, locate and produce documents and testify about every single business for which he has been an employee, attorney, representative or consultant from the beginning of his life, including for example, all business entities he has every represented in more than twenty (20) years of practicing law and every job he has had since he was a child.

Similarly, Document Requests 28, 29 and 30 and the same numbered Testimony Categories seek the following documents and testimony from non-parties, Rothman and SRIP Law without any limitation on time:

> **Request No 28:**
> Documents that describe, identify, refer to, or relate to your relationship to any other third party not listed above.
>
> **Request No 29:**
> Documents that describe, identify, refer to, or relate to any communications between you and any other third party not listed above.
>
> **Request No 30:**
> Documents that describe, identify, refer to, or relate to any agreements between you and any other third party not listed above.

These requests would require Rothman to locate and produce every document between himself and every vendor, lender, client or anyone else he has dealt with in his professional and personal life, including documents such as the agreements he may have with his home cable company and even his marriage license. This is precisely the type of unduly burdensome discovery that is oppressive to a non-party and must be quashed. *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545 (11th Cir.1985); *United Technologies Corp. v. Mazer,* 2007 WL 788877 *1 (S.D.Fla. March 14, 2007).

A review of each of the seventy-four (74) Document Requests and Testimony Categories reveals their unduly burdensome nature. None are limited in time and each request to Rothman seeks the production of documents and testimony about his personal records. As here, where a plain reading of the documents sought by the subpoena duces tecum reveals the request to be overly broad on its face, courts in this jurisdiction have quashed subpoenas that were substantially less burdensome. *Ellen Schaaf v. SmithKline Beecham Corporation d/b/a Glaxosmithkline, et. al., 2006 WL 2246146 (M.D. Fla. 2006).* As *Schaaf Court* found in quashing the subpoena issued to a non party:

> the subpoena fails to describe the documents sought with any particularity and requires an individual, who is not a party in the lawsuit, to search both his personal and business records and to produce every company generated document of his employer that is in his possession, custody or control, for a ten year period. The Court does not doubt such a broadly worded request encompasses numerous documents wholly irrelevant to the lawsuit underlying this case.

Rothman and SRIP Law ask this Court to weigh the relevance of the requests to the underlying litigation, Plaintiff's need for the documents, the breadth of the document request, the time period covered by the requests and the particularity with which the documents are described against the burden imposed on Rothman and SRIP Law to find both Subpoenas to be unduly burdensome and quash both.

### D. The Subpoenas Request Information That Relates to The Sunstein Law Firm's[7] Representation of Clients, including New Bay, Which is Privileged and Should Not Be Produced.

The Subpoenas clearly and unabashedly request the entire contents of Rothman's files including all documents and information related to Sunstein's representation of New Bay in connection with the IPRs. See, e.g., Document Requests Nos. 3-9, 12-13, 18-19, 24-25, 31, 37,

---

[7] The "Sunstein Law Firm" or "Sunstein" refers to Sunstein Kann Murphy & Timbers, LLP, counsel to New Bay in the IPR proceedings.

39, 41-47 and possibly 48-68 as well as Testimony Categories Nos. 3-9, 12-13, 18-19, 24-25, 31, 37, 39, 41-47 and possibly 32-36, 48-68. The Subpoenas[8] request testimony on topics including all communications between Rothman as Vice-President of New Bay and Sunstein, New Bay's attorneys, all documents and information that relate to the filing of the IPRs, and even the complete phone logs and records for both Rothman's personal and business phone lines going back three years. *See* Document Request 31. All of this information is protected from disclosure either by the attorney-client privilege or the attorney work-product doctrine. Any relevant information and documents that Rothman has and which may be responsive to the Subpoenas is limited to information and documents exchanged on behalf of New Bay with Sunstein, New Bay's attorneys.

"The attorney-client privilege is the oldest of the privileges for confidential communications know to the common law." *Upjohn Co. v. U.S.*, 449 U.S. 383, 100 S.Ct. 677 (1981), citing 8 J. Wigmore, *Evidence* § 2290 (McNaughton rev. 1961). The United States Supreme Court has recognized that the purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice," and has confirmed that "the privilege applies when the client is a corporation." *Id.* at 389-90.

In determining whether or not the attorney-client privilege applies, courts look to see whether the communication was with an attorney, "for the purpose of obtaining legal advice." *In re: Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000) (holding that documents prepared and submitted primarily for the purpose of obtaining legal advice on patentability and

---

[8] SRIP Law does not and did not represent either New Bay or Rothman and therefore has no documents related to the IPRs, but does possess many documents, all of which are irrelevant, responsive to the over broad and unduly burdensome requests for documents and testimony contained in the Subpoenas served by VirnetX.

legal services in preparing a patent application "is privileged in its entirety"). Here, virtually all of the information and documents sought by the Subpoenas would consist of documents Rothman, as Vice President of New Bay, exchanged with Sunstein, New Bay's attorneys in connection with the IPR Proceedings. [Rothman Declaration, 16¶]. The communications are therefore privileged and outside the scope of disclosure. *See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 601 (8th Cir. 1977) ("[Attorney-client privilege] is the long established rule that confidential communications between an attorney and his client are absolutely privileged from disclosure against the will of the client."); *McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242, 250 (N.D. Ill. 2000) ("[N]early all communications between a client and his patent attorney, even technical information is privileged.").

Insofar as the Subpoenas seek those parts of Rothman's files that contain an attorney's "mental impressions, conclusions, opinions, or legal theories," such documents or information are protected from disclosure under the work-product doctrine. *See* Fed.R.Civ.P. 26(b)(3)(B); *Upjohn Co. v. U.S.*, at 398-399 (discussing the work-product doctrine generally); <u>Oak Indus. v. Zenith Electronics Corp.</u>, 687 F. Supp. 369, 375 (N.D. Ill. 1988) (holding that work-product doctrine applied to prevent examination of an attorney on his "thoughts, impressions, and legal theories" in connection with patent reexamination proceedings). Absent "a showing of substantial need and inability to obtain the equivalent without undue hardship" work product that reveals the attorney's mental impressions is prohibited from disclosure. *Upjohn, supra* at 400.

To the extent that the Subpoenas request information that is privileged, they must be quashed or a Protective Order must be entered.

### E. The Court Should Award Rothman and SLIP Law their Reasonable Attorneys' Fees Under Rule 45(c)(1), *Fed.R.Civ.P.*

Rule 45(c)(1) permits a non-party to recover its reasonable attorneys' fees where the party issuing the subpoena does not take reasonable steps to avoid imposing an undue burden on the person or party subject to the subpoena. *Fed.R.Civ.P. 45(c)(1)*. Courts in this jurisdiction have awarded such attorneys' fees. *United Technologies Corp. v. Mazer,* 2007 WL 788877 *1 (S.D.Fla. March 14, 2007). The Subpoenas impose an undue burden on both Rothman and SRIP Law. The requests are overbroad and do not seek information that is relevant to or reasonably calculated to lead to the discovery of relevant or admissible evidence in *VirnetX v. Apple*. The *VirnetX v. Apple* action alleges that Apple infringed several VirnetX patents. Whether Rothman or SRIP Law has ever had any communications about any matter with Apple, Cisco, Microsoft or Avaya [Document Requests 54-62 and Testimony Categories 54-62] or the relationship between Rothman or SRIP Law and Eastern Shore Capital, LLC, New Bay Capital, LLC, Eastern Shore Capital Management, Braeburn Capital, Inc. or Moody Aldrich Partners, LLC [Document Requests 11-15 and Testimony Categories 11-15] simply has no connection to the underlying patent infringement action. Clearly, VirnetX did not take any steps, much less reasonable ones, to avoid imposing an undue burden on Rothman or SRIP Law. Therefore, this Court should award Rothman and SRIP Law its reasonable attorneys' fees under Rule 45(c)(1), *Fed.R.Civ.P.*

V. **Conclusion**

Wherefore, Rothman and SRIP Law respectfully request this Court enter an Order quashing both Subpoenas and awarding their reasonable attorneys' fees in connection with this motion. As an alternative to quashing the Subpoenas in their entirety, this Court should enter a protective order.

## Certification of Good Faith Compliance with Local Rules 7.1(A)(3)

Undersigned counsel certifies that he called opposing counsel twice, left a detailed voice mail message and sent a detailed email in an effort to confer with the Plaintiff's counsel as part of the good faith effort to resolve by agreement the issues raised in this Motion prior to the filing of the Motion. While opposing counsel did call back, the parties' counsel were not able to speak and therefore were unable to confer regarding issues raised in this Motion prior to the filing of the Motion.

Dated: August 7, 2013                                                    Respectfully submitted,

                                                                                          s/ Mark E. Stein_____
                                                                                          David H. Lichter (FBN: 0359122)
                                                                                          DLichter@HLGLawyers.com
                                                                                          Mark E. Stein (FBN: 0818666)
                                                                                          HIGER LICHTER & GIVNER
                                                                                          18305 Biscayne Blvd., Suite 302
                                                                                          Aventura, FL 33160
                                                                                          Tel: (305) 356-7555
                                                                                          Fax: (305) 933-0998

                                                                                          *Counsel for Non-Parties Joel B. Rothman and Schneider Rothman Intellectual Property Law Group PLLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of August, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECM or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Mark E. Stein_____
Mark E. Stein

**SERVICE LIST**

Jason D. Cassady, Esq.
By email and U.S. Mail
Email: jcassady@caldwellcc.com
Daniel R. Pearson, Esq.
By email and U.S. Mail
Email: dpearson@caldwellcc.com
Caldwell Cassady Curry P.C.
1717 McKiney Avenue
Suite 700
Dallas, Texas 75202