**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| VIRNETX INC. and SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 13-mc-0037 |
| v. | ) ) | |
| APPLE INC., | ) ) | |
| Defendant. | ) ) | |

## ROTHMAN AND SRIP LAW'S MOTION TO RETRANSFER CASE

# TABLE OF CONTENTS

**PAGE**

I.  INTRODUCTION ..................................................................................................1

II.  FACTUAL BACKGROUND......................................................................................4

    A.  The Underlying Litigation ......................................................................4

    B.  New Bay's IPRs.........................................................................................4

    C.  VirtnetX's Subpoenas ...............................................................................5

    D.  Motion Practice in the Florida Court .....................................................6

    E.  The Writ of Mandamus Challenging Florida Decision..........................8

    F.  RPX's IPRs.................................................................................................9

III.  ARGUMENT .........................................................................................................9

    A.  This Matter Should Be Retransferred To Florida Because This Court Lacks Personal Jurisdiction Over Respondents. .....................................9

        1.  Personal Jurisdiction Law ...........................................................9

        2.  This Court Lacks Personal Jurisdiction Over Respondents.......10

    B.  Other Circumstances Warrant Retransfer Of This Action To Florida..................11

IV.  CONCLUSION......................................................................................................15

## TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE(S)**

*Cardinal Health Solutions Inc. v. St. Joseph Hosp. of Port Charlotte Florida Inc.*,
    314 F. App'x 744 (5th Cir. 2009) ...................................................................................11

*Garden City Emps.' Ret. Sys. v. Psychiatric Solutions, Inc.*,
    2014 WL 272088 (E.D. Pa. Jan. 24, 2014) ......................................................................12

*Herman v. Cataphora, Inc.*,
    730 F.3d 460 (5th Cir. 2013) ..........................................................................................10

*In re Subpoena of Am. Nurses Ass'n*,
    788 F. Supp. 2d 444 (D. Md. 2011) ................................................................................12

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945).........................................................................................................9

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
    688 F.3d 214 (5th Cir. 2012) ................................................................................ 9-10, 11

## RULES AND STATUTES

Fed. R. Civ. P. 45 ......................................................................................................... *passim*

35 U.S.C. § 315.............................................................................................................. *passim*

35 U.S.C. § 316...................................................................................................................2, 5

35 U.S.C. 318................................................................................................................. *passim*

# Table of Abbreviations and Glossary

## Parties

| Apple, Inc. | Apple |
|---|---|
| **Eastern Shore** | Eastern Shore Capital, LLC |
| **New Bay** | New Bay Capital, LLC |
| **Respondents** | Joel B. Rothman and Schneider Rothman Intellectual Property Law Group PPLLC |
| **Rothman** | Joel Rothman |
| **SRIP Law** | Schneider Rothman Intellectual Property Law Group PPLLC |
| **VirnetX** | VirnetX, Inc. |

## Defined Terms

| Florida Court | Southern District of Florida, Civil Action No. 9:13-mc-80769 |
|---|---|
| **PTAB** | Patent Trial and Appeals Board |
| **Underlying Litigation** | *VirnetX, Inc. and Science Applications International Corporation v. Apple Inc.*, Civil Action Nos. 6:11-cv-563 and 6:12-cv-855 (pending in the Eastern District of Texas) |

Pursuant to the direction of the United States Court of Appeals for the Federal Circuit (D.I. 38 at 2), non-parties Rothman and SRIP Law hereby make a limited appearance seeking retransfer of Miscellaneous Action No. 13-mc-00037, which concerns various motions relating to subpoenas served on Rothman and SRIP Law, back to the Southern District of Florida, the jurisdiction that issued the subpoenas and in which Rothman and his law firm reside.  In doing so, Respondents explicitly maintain that this Court does not have personal jurisdiction over them.

## I.      INTRODUCTION

VirnetX commenced the lead case in the Underlying Litigation (C.A. 12-855) on November 6, 2012, by filing in this Court a complaint against Apple for patent infringement.  On June 23, 2013, New Bay filed four petitions for *inter partes* review ("IPR") challenging the validity of four of VirnetX's patents.  (D.I. 6, Exs. 3-6).  Each IPR petition contained a certification that the real parties in interest were New Bay, and its parent Eastern Shore.  (*Id.*) Rothman, an Executive Vice-President of New Bay and partner in SRIP Law, submitted two declarations to the Florida Court affirming under penalty of perjury that neither New Bay, nor its representatives or counsel, have any connection to Apple, received any assistance from Apple with the IPRs, or entered into any agreements with Apple.  (D.I. 1, Ex. 3; D.I. 15-1).

VirnetX did not seek discovery from New Bay through the PTAB.  Rather, on July 15, 2013, shortly after New Bay filed its IPR petitions, VirnetX served subpoenas issued out of the Southern District of Florida on both Rothman, a Florida resident, and his Florida law firm, SRIP Law, purportedly for use in the Underlying Litigation between VirnetX and Apple.  (D.I. 1, Exs. 1-2).  These subpoenas could not be any broader or more burdensome.  The sweeping requests seek the production of most, if not all, of Rothman's and SRIP Law's business records and privileged client information, sensitive personal financial information from each of their respective agents and employees, and testimony concerning a vast array of subject matters.

Faced with the substantial expense of defending against the barrage of subpoenas served by VirnetX, New Bay filed motions with the PTAB on November 6, 2013, seeking termination of the IPRs.  (D.I. 30, Ex. A).  The PTAB terminated the IPR proceedings on November 12,

2013, before any IPR was "instituted" pursuant to 35 U.S.C. § 316 (D.I. 34, Ex. 1).  Despite the termination, VirnetX continues to press its subpoenas, asserting it needs to discover evidence that Apple is in privity with New Bay.  (D.I. 34 at 2-3).  According to VirnetX, the subpoenas seek information relevant to the Underlying Litigation because (i) if Apple is in privity with New Bay,[1] and (ii) if the IPR proceedings ended with the issuance of a "final written decision under section 318(a)" by the PTAB, Apple is collaterally estopped under 35 U.S.C. § 315(e)(2) from asserting certain invalidity defenses in the Underlying Litigation.  (*Id.*)  As explained more fully below, Respondents contest the relevancy of the subpoenas, particularly given that the IPR proceedings terminated without a final written decision under Section 318(a), and as a result, there can be no Section 315(e)(2) estoppel against Apple based on New Bay's IPR petitions.

Respondents filed various motions with the Florida Court, including a Motion to Quash the Subpoenas (D.I. 1) and a Motion for a Protective Order to prevent the issuance of even more subpoenas (D.I. 31).  These motions, as well as VirnetX's opposition papers, relied heavily on Florida law.  Despite this, the Florida Court erroneously transferred these motions to this Court for decision, forcing Respondents to defend their rights against the overbroad subpoenas more than 1100 miles away, in a forum in which neither Rothman nor SRIP Law would be subject to suit.  For various reasons, this Court is not the proper forum to decide these motions.

First and foremost, this Court does not have the necessary personal jurisdiction over Respondents to make any determination on the merits of these motions.  It is undisputed that Respondents, who are Florida residents with no ties to Texas, are not subject to the general jurisdiction of this Court.  Indeed, VirnetX's sole jurisdictional argument is based on its opinion that when New Bay filed its IPR petitions, it did so for the sole purpose of reducing "VirnetX's recovery from Apple" in a separate action between VirnetX and Apple in this Court.  (D.I. 19 at

---

[1]      VirnetX privity arguments cannot be taken seriously.  Indeed, far from being in "privity" with Apple, New Bay and Apple have been adverse to each other in the IPR proceedings.  For instance, New Bay opposed Apple's attempt to join the IPR proceedings (*see* Exhibit A), and Apple opposed New Bay's request to terminate the IPR proceedings (*see* Exhibit B).

5-6).  Even assuming this is the case, which it is not, it cannot possibly be the type of "purposeful availment" necessary to invoke the specific jurisdiction of this Court.

Secondly, and apart from any jurisdictional issues, this action should not have been transferred to this Court in the first place because VirnetX did not, and cannot, meet its burden to show the existence of "exceptional circumstances" – a prerequisite of transfer under new Rule 45(f) of the Federal Rules of Civil Procedure.  Indeed, the circumstances warrant retransfer of this action back to the Southern District of Florida.

The Florida Court is well capable of ruling on these motions.  VirnetX recognizes this, given that it requested affirmative relief from the Florida Court on three separate occasions.  (D.I. 4 at 15; D.I. 27 at 20; D.I. 34 at 4).  Far from being "exceptional," the issues raised in the pending motions are simple and do not require any understanding of the Underlying Litigation. Indeed, a decision on the motions has been made considerably easier now that the PTAB terminated the IPR proceedings.  If the action is retransferred, the threshold issue for the Florida Court to decide with respect to relevancy of the subpoenas is whether the IPR proceedings terminated before the PTAB issued "a final written decision under section 318(a)."  35 U.S.C. § 315(e)(2).  This straightforward issue of statutory interpretation requires no knowledge of the Underlying Litigation to resolve, nor knowledge of the parties to that litigation.  If the Florida Court rules in favor of Respondents on this one narrow issue, the discovery sought by VirnetX cannot possibly be relevant because there can be no Section 315(e)(2) estoppel.  The Florida Court never considered the effect these terminations have on the issues in the pending motions, as the terminations occurred after Magistrate Hopkins recommended that VirnetX's Motion to Transfer be granted, and just days before the district court adopted the Magistrate's recommendation wholesale.  (D.I. 20; D.I. 34-1; D.I. 35).  A retransfer will also not disrupt the Underlying Litigation in anyway, as this Court has not ruled on, or even been asked to rule on, any issues relating to collateral estoppel pursuant to Section 315(e)(2) with respect to New Bay's IPRs, or the statutory definition of a "final written decision under section 318(a)."

3

Finally, the action should be retransferred back to Florida, where the pending motions are fully briefed, to alleviate the substantial burdens Respondents would face if they are forced to defend their rights against the overbroad subpoenas in Texas.  If VirnetX wants to use this Court to obtain discovery concerning the potential relationship between New Bay and Apple, it should simply request this information from Apple, the sole defendant in the Underlying Litigation.

## II.      FACTUAL BACKGROUND

### A.      The Underlying Litigation

The Underlying Litigation pending before this Court is a patent case involving VirnetX, its nominal co-plaintiff, and only one defendant – Apple.  (D.I. 25, Ex. 6).  Trial is set for October 13, 2015 and fact discovery does not end until June 30, 2014.  (*Id*. at 21).  Respondents are not parties to the Underlying Litigation, and have no relationship with any of the parties.

### B.      New Bay's IPRs

As mentioned above, on June 23, 2013, New Bay filed IPR petitions challenging the validity of VirnetX's patents.  (D.I. 6, Exs. 3-6).  Shortly thereafter, Apple, who filed its own IPRs against VirnetX's patents, sought to join its IPRs with New Bay's IPRs.  New Bay opposed this joinder "because the proceedings involve different parties with no relation to one another." (Exhibit A at 3).  A few months later, faced with the substantial expense of defending against VirnetX's subpoenas, New Bay began the process of terminating the IPRs prior to the issuance of any final written opinion, in order to moot any purported relevance of VirnetX's subpoenas to the Underlying Litigation under 35 U.S.C. § 315(e)(2).  On October 29, 2013, New Bay and VirnetX participated in a teleconference with the PTAB concerning New Bay's request "to file a motion to terminate the four proceedings."  (*See* Transcript of PTAB Teleconference at 6:12-18, attached as Exhibit C).  Apple opposed New Bay's termination request on the grounds that its joinder motion should be decided first.  (Exhibit B).  During the teleconference, Judge Medley made clear that if New Bay's motions to terminate were granted "there's no estoppel . . . because there is not going to be a final determination."  (*Id*. at 9:17-19; *id*. at 10:1-9 (counsel for New

Bay asked "there's no final decision. . . . [s]o that Statute 315 does not apply?," to which Judge Medley answered "That's correct.  That's the way I read that too.")).

The PTAB granted New Bay's request to file Motions to Terminate the IPR proceedings over Apple's objection on November 1, 2013, and New Bay filed the motions several days later on November 6, 2013.  (D.I. 30, Ex. A).  VirnetX did not oppose these motions.  The PTAB terminated the proceedings on November 12, 2013, <u>before</u> any *inter partes* review was "instituted" pursuant to 35 U.S.C. § 316 (*see* D.I. 34, Ex. 1 (noting that "[t]his case is in the preliminary proceeding stage; no institution of trial has been made")) and before issuing a final written decision on "the patentability of any patent claim" pursuant to Section 318(a).  *See* 35 U.S.C. § 318(a) (a final written decision can be issued only in IPRs that have been "instituted").

### C.    VirnetX's Subpoenas

The subpoenas that VirnetX served on Rothman and SRIP Law each seek the production of 74 categories of documents, as well as the taking of a video deposition on 74 topics.  (D.I. 1, Exs. 1-2).  VirnetX also served three subpoenas on the lawyers that filed the IPR petitions for New Bay in Massachusetts, two subpoenas on New Bay and Eastern Shore in Delaware, and sought to serve two more subpoenas on New Bay's non-testifying experts.  (D.I. 27).

All of the subpoenas are comparably unreasonable in their breadth.  By way of example, the subpoenas seek, among other things, all documents in the possession of Rothman and his law firm that (a) "relate" in any way to Rothman's and/or SRIP Law's "relationship to any other third party" (D.I. 1, Exs. 1-2, Doc. Request 28), (b) concern Rothman's and/or SRIP Law's "communications," no matter the subject matter, with "any other third party" (*id*., Doc. Request 29); (c) "relate" in any way to Rothman's and/or SRIP Law's "agreements," no matter the subject matter, between Rothman, SRIP Law and "any other third party" (Doc. Request 30); and (d) concern the "phone logs and records (for both personal and business phone lines) over the past three (3) years" for every person involved in the IPR proceedings (Doc. Request 31).  The subpoenas also seek testimony on various topics, including each of these categories.  (*Id*.)

Many of the document requests and deposition topics request the disclosure of privileged information, such as information concerning unrelated clients of SRIP Law, and information concerning New Bay's decision to file the IPR proceedings, including input, advice, direction and instruction that New Bay (and Rothman as Vice-President of New Bay) received or provided to their attorneys (*see, e.g*., Document Requests and Deposition Topics 3-6, 9, 28-30).

> D.      **Motion Practice in the Florida Court**

Respondents moved to quash the subpoenas in the Southern District of Florida on August 7, 2013, as overbroad and seeking information that was not relevant to the Underlying Litigation and/or privileged.  (D.I. 1).  In response, VirnetX asserted that it needed to discover the alleged "relationships between the subpoenaed parties and any connection they have with the Apple joint defense group or any other party to the underlying litigation" because such information is allegedly "critical . . . to the establishment of collateral estoppel" under 35 U.S.C. § 315(e)(2).  (D.I. 4 at 3).  VirnetX did not articulate any other reason why the subpoenaed information is relevant to the Underlying Litigation before the Florida Court.

In its opposition to the Motion to Quash, VirnetX also requested that the Florida Court affirmatively rule that both Rothman and SRIP Law "be compelled to comply with the subpoenas."  (*Id.* at 15).  This was not the only time VirnetX requested affirmative relief from the Florida Court concerning its subpoenas.  Specifically, in opposing Respondents' Motion for a Protective Order to prevent VirnetX from serving two additional subpoenas on New Bay's non-testifying experts, VirnetX requested that the Florida Court "rule that VirnetX is entitled to seek discovery regarding the two employees of Eastern Shore Capital," and only argued "[i]n the alternative" that the motion should be decided by the Eastern District of Texas.  (D.I. 27 at 20). Finally, in opposing Respondents' Motion to Stay until the PTAB terminated the IPR proceedings, VirnetX requested that the Florida Court affirmatively "rule that VirnetX is entitled to continue its discovery efforts."  (D.I. 34 at 4).

Moreover, VirnetX relied heavily on Florida law in opposing Respondents' various subpoena-related motions.  For instance, in opposing Respondents' Motion to Quash, VirnetX

cited to Local Rule 26.1(g)(3)(C) and case law from the Southern District of Florida in arguing that VirnetX's subpoenas do not seek privileged information, and additional Florida case law in arguing that the Subpoenas are not overly broad or unduly burdensome.  (D.I. 4 at 7-10).  Similarly, in opposing Respondents' Motion for Protective Order, VirnetX, relying on Florida privilege law, argued that "[t]he law . . . is clear in this district that VirnetX is entitled to discover the names of [certain] individuals and to depose them."  (D.I. 27 at 15-17).

Just three days after opposing the Motion to Quash and requesting that the Florida Court compel Rothman and SRIP Law to comply with the subpoenas, VirnetX moved to transfer the Motion to Quash to the Eastern District of Texas, arguing that the "factual and legal issues underlying the litigation" were too complex for the Florida Court to decide.  (D.I. 6 at 2).  Respondents opposed the Motion to Transfer, on the grounds that the Eastern District of Texas lacks jurisdiction over Rothman or SRIP Law, and the straightforward Motion to Quash does not require any understanding of the Underlying Litigation to decide.  (D.I. 18 at 5-10).

On September 26, 2013, Magistrate Judge Hopkins issued a Report and Recommendation (the "Report") recommending that VirnetX's Motion to Transfer be granted by applying the transfer provisions of proposed, but not yet effective, Federal Rule of Civil Procedure 45(f).  (D.I. 5, 6, 20).  Despite acknowledging that the new rule "places the burden of transfer on the proponent to show that such exceptional circumstances are present" and that VirnetX did not brief "this Court on the Rule 45 amendments," the Report nevertheless found that "VirnetX has made a sufficient showing of exceptional circumstances."  (*Id*. at 4, 6).  The Report did not discuss any of the issues actually raised in the Motion to Quash, much less how a decision on the Motion to Quash would disrupt the Underlying Litigation, and did not address or consider Respondents' arguments that the Eastern District of Texas is unable to assert personal jurisdiction over them.  (*Id*. at 1-10).  Respondents filed timely objections to the Report's finding of "exceptional circumstances," to the Report's failure to address Respondents' personal jurisdiction arguments, and to the Report's failure to explain how any alleged "complexity" is relevant to deciding the ordinary issues raised in the Motion to Quash.  (D.I. 25 at 10-14).

7

In its reply in support of the objections, Respondents alerted the Florida Court to the fact that New Bay filed motions to terminate the IPR proceedings, and that, once terminated, VirnetX's only purported reason for the subpoenas (to establish "cross collateral estoppel between the inter partes review and a civil action") evaporates.  (D.I. 33 at 2).  Several days later, VirnetX alerted the Florida Court that the PTAB indeed granted the motions to terminate, but argued that the subpoenas were still relevant because the PTAB terminations were "final written decisions" under Section 318(a).  (D.I. 34 at 1).

Without considering the effect of the termination of the IPR proceedings on the issues before the Florida Court, on November 18, 2013, Judge Ryskamp entered a two page order, adopting the Report "in its entirety," granting VirnetX's Motion to Transfer, and denying the other pending motions as moot.  (D.I. 35).  This order did not discuss Respondents' arguments concerning the misapplication of the "exceptional circumstances" test, did not address Respondents' arguments concerning lack of personal jurisdiction, and did not consider the effect the intervening termination of the IPR proceedings had on the Motion to Quash.  (*Id.*)

E.    **The Writ of Mandamus Challenging Florida Decision**

Respondents petitioned the United States Court of Appeals for the Federal Circuit to issue a Writ of Mandamus on December 6, 2013.  Since the transfer of the action to this Court had been given immediate effect, Respondents requested an order commanding the Eastern District of Texas to retransfer the action back to Florida.  On March 19, 2014, the Federal Circuit denied Respondents' petition without prejudice as premature, noting that "there is no ruling" by this Court on the transferred motion to quash and thus no motion to review on mandamus.  (D.I. 38 at 2).  After acknowledging Respondents' concern that "asking the Texas court to retransfer the motion to quash . . . might waive [their] objections to personal jurisdiction," the Federal Circuit noted that "Rothman may make a limited appearance in the Eastern District of Texas to request retransfer without risking waiver on this basis, so long as the conduct 'reflect[s] a continuing objection' to the Eastern District of Texas's jurisdiction."  (*Id.*).

F.      **RPX's IPRs:** *Decision outside of ED Texas quashing VirnetX subpoena.*

On November 20, 2013, another unrelated third-party, RPX Corp., filed IPR petitions with the PTAB challenging the validity of seven VirnetX patents.  (*See* March 21, 2014 Order Granting Motion to Quash at 2, attached as Exhibit D).  On December 26, 2013, VirnetX served RPX with a broad subpoena purportedly for use in the same Underlying Litigation.  The RPX subpoena is substantially similar to the Subpoenas served on Respondents.  While RPX moved to quash the subpoena in California, VirnetX did not move to transfer the RPX action to Texas.  (*See* Docket Sheet for the United States District Court for the Northern District of California, C.A. No. 14-80013, attached as Exhibit E).  On March 21, 2014, Magistrate Judge Cousins issued an Order granting RPX's motion to quash without any discussion of the issues in the Underlying Litigation.  (Exhibit D).  Specifically, Judge Cousins found that "discovery related to collateral estoppel" under 35 U.S.C. § 315(e)(2) was "premature and irrelevant at this stage because the PTAB has yet to make a final decision" and that the "discovery that VirnetX seeks can be more conveniently obtained from Apple."  (*Id*. at 4, 7).

## III.   ARGUMENT

### A.   This Matter Should Be Retransferred To Florida Because This Court Lacks Personal Jurisdiction Over Respondents.

#### 1.   Personal Jurisdiction Law

The Due Process Clause of the Fourteenth Amendment protects a person against "being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'"  *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012) (citation omitted).  A court can only exercise personal jurisdiction over a foreign party when (1) that party has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).  If the contacts with the forum state are continuous and systematic, the court may exercise "general jurisdiction" over the foreign party.

If the "pre-litigation connections between the non-resident [party] and the forum" are "sufficient (i.e., not 'random, fortuitous or attenuated')," the contacts were purposefully established by the foreign party, and the action arose out of those contacts, the court may exercise "specific jurisdiction" over the foreign party. *Pervasive Software*, 688 F.3d at 221.

> ## 2.   This Court Lacks Personal Jurisdiction Over Respondents

VirnetX, as the party seeking to invoke the jurisdiction of this Court, bears the burden of establishing that Respondents have the requisite minimum contacts with Texas to justify the Court's jurisdiction by the preponderance of admissible evidence. *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013) ("The party invoking the court's jurisdiction bears the burden of establishing that a defendant has the requisite minimum contacts with the forum state to justify the court's jurisdiction."). VirnetX cannot meet this burden. Thus, this Court does not have the necessary jurisdiction over Respondents to rule on the subpoena-related motions.

VirnetX does not, and cannot, argue that this Court has general jurisdiction over Respondents. Both Rothman and SRIP Law are residents of Florida with no identified contacts or business activities in Texas. Indeed, Rothman submitted two separate declarations to the Florida Court, attesting under the penalty of perjury that (D.I. 1, Ex. 3; D.I. 15-1):

- He is only "licensed to practice law in the State of Florida";

- His only law office is in "Boca Raton, Florida";

- SRIP Law "never represented New Bay," did not have "any involvement with the Inter Partes Reviews," and has "no documents related to the IPRs"; and

- Respondents never represented "Apple, Inc. or any entity . . . owned by, affiliated with, related to or controlled by" Apple in any litigation, including any litigation in Texas, and have never communicated with Apple "regarding any lawsuit or dispute between VirnetX, Inc. and Apple, Inc.," about the IPR proceedings, or the Underlying Litigation.

Additionally, none of the requested documents are located in Texas, and no witnesses to be deposed reside within 1100 miles of Texas. In other words, Respondents established that they

have no connection to Texas or the Underlying Litigation, and are thus not subject to this Court's jurisdiction.

VirnetX's sole jurisdictional argument is that the Court has specific jurisdiction because New Bay filed the IPR petitions to extract money from VirnetX's recovery from Apple in a separate action pending before this Court.  (*Id.*)  Even if that was true (and it is not), it does not create specific jurisdiction over Respondents.  VirnetX's argument is allegedly based on a conversation between Rothman, a Florida resident, and VirnetX, a Delaware corporation with its principal place of business in Nevada (D.I., Ex. 2 ¶1), concerning potential settlement of IPR petitions pending before the PTAB in Washington D.C.  That discussion of a damages award as a starting point for negotiations is not "an attempted interference with judgment from the Eastern District of Texas" as VirnetX claims.  Such events are too attenuated to create specific jurisdiction over Respondents in Texas.  *See, e.g.*, *Cardinal Health Solutions Inc. v. St. Joseph Hosp. of Port Charlotte Florida Inc.*, 314 F. App'x 744, 745 (5th Cir. 2009) (holding that communications with party from Texas during negotiations were "merely fortuitous and attenuated facts" that did not subject party to jurisdiction in Texas).

Additionally, the alleged discussions between Rothman and VirnetX took place <u>after</u> Respondents submitted the IPR petitions and <u>after</u> Respondents filed the Motion to Quash with the Florida Court.  (D.I. 19 at 6 (alleging that Rothman "reached out" to VirnetX "[a]fter petitioning the United States Patent and Trademark Office for inter partes review")).  Therefore, such discussions are, at best, "post-litigation" contacts, which <u>cannot</u> create personal jurisdiction over Respondents.  *See Pervasive Software*, 688 F.3d at 221 ("pre-litigation connections" to the forum state must exist for there to be specific jurisdiction over a foreign party).

**B.      Other Circumstances Warrant Retransfer Of This Action To Florida.**

Under new Federal Rule of Civil Procedure 45(f), transfer of a subpoena-related action is permitted only when either:  (1) the non-party consents, or (2) exceptional circumstances exist. FED. R. CIV. P. 45(f).  These requirements track a line of prior cases relied on by VirnetX in its

Motion to Transfer.  As these cases recognized, transfer "under Rule 45 is the exception, not the rule."  *See, e.g., In re Subpoena of Am. Nurses Ass'n*, 788 F. Supp. 2d 444, 446 (D. Md. 2011).

In order to ensure that transfer is only granted in exceptional cases, the drafters of Rule 45(f) inextricably link the "exceptional circumstances" test to the underlying motion at issue. For instance, one factor to consider is whether transfer is necessary to "avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion."  FED. R. CIV. P. 45(f) advisory committee's note; *see also Garden City Emps.' Ret. Sys. v. Psychiatric Solutions, Inc*., 2014 WL 272088, at *3 (E.D. Pa. Jan. 24, 2014) (finding no exceptional circumstances because petitioner "has not shown [the district court] has ruled on discovery issues similar to the issues raised by the instant motion or that the issues presented are likely to recur").  This makes sense as the Underlying Litigation cannot be disrupted if the pending motions do not relate to any of the issues in the case.

Ignoring this, the Florida Court erroneously concluded that VirnetX met its burden of demonstrating that "exceptional circumstances are present and sufficient to justify transfer." (D.I. 20 at 6).  In doing so the Florida Court summarily concluded, without any analysis of the issues raised in the Motion to Quash, that transfer is necessary so as not to "disrupt the Eastern District of Texas' management of the underlying litigation."  (*Id*. at 6-7).  These conclusions were in error, and the case should not have been transferred.  Indeed, the circumstances of this case warrant retransfer back to Florida.

Far from being "exceptional," it is difficult to imagine a simpler motion for the Florida Court to decide.  Indeed, VirnetX (the proponent of transfer) concedes that the Motion to Quash requires "no technical expertise, or technical analysis" to understand.  (D.I. 27 at 13).  Although VirnetX had ample incentive and opportunity to try to justify the relevance of its discovery requests in great detail, its sole justification to the Florida Court was that the discovery was relevant to collateral estoppel under Section 315(e)(2), which prevents the petitioner in an IPR proceeding "that results in a final written decision under section 318(a)," or the "real party in interest or privy of the petitioner," from asserting "in a civil action . . . that the [patent] claim is

invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review."  35 U.S.C.§ 315(e)(2).  Specifically, VirnetX asserted that the discovery was an attempt to establish a sufficient relationship with New Bay to collaterally estop Apple under Section 315(e)(2) from asserting certain invalidity defenses if a "final written decision under section 318(a)" is entered in the IPR proceedings.  (D.I. 4 at 5; D.I. 6 at 7; D.I. 19 at 10).

When the IPR proceedings terminated prior to their institution on November 12, 2013, the sole issue remaining for the Florida Court to decide in order to determine the overall relevancy of the subpoenas was whether the IPR proceedings terminated before the PTAB issued a "final written decision under section 318(a)."  Respondents assert that since the IPR proceedings terminated before the IPRs were "instituted," there was no final written decision under Section 318(a), and thus there can be no estoppel under Section 315(e)(2).  (D.I. 33 at 8). VirnetX, on the other hand, argues that the termination orders themselves "constitute final written decisions."  (D.I. 34 at 2).  This straightforward issue of statutory interpretation can be readily decided by the Florida Court and requires no knowledge of the Underlying Litigation to resolve.  Indeed, a magistrate judge in the Northern District of California was able to decide a vastly similar motion to quash with almost identical subpoenas without any analysis of the issues in the Underlying Litigation, demonstrating that the Florida Court can do so as well.  (Exhibit D at 5 (finding that "issue of whether Apple will be collaterally estopped from challenging the validity of the patent claims is [] irrelevant because it is premature")).  Moreover, a decision on this issue by the Florida Court will not disrupt this Court's management of the Underlying Litigation in any way, as this Court has never been asked to decide any issues concerning Section 315(e)(2) estoppel based on the New Bay IPRs, any issues relating to New Bay's IPR petitions, or the statutory definition of a "final written decision under section 318(a)."

Even in the unlikely circumstance that the Florida Court agrees with VirnetX's position on Section 315(e)(2) estoppel, that court is well capable of ruling on Respondents' other objections to overbreadth, burden, and privilege.  The vast overbreadth of the subpoenas, which seek the production of most, if not all, of Respondents' documents is clear on its face and does

not require any understanding of the issues in the Underlying Litigation.  If VirnetX wants discovery concerning Respondents relationship with Apple, it can more conveniently obtain it from Apple, the only defendant in the Underlying Litigation.  Indeed, the California Court, without looking at the issues in the Underlying Litigation, ruled that "there is no reason to burden non-party RPX when the documents sought should be in the possession of the party defendant."  (Exhibit D at 8).  The Florida Court can make this same determination.

VirnetX implicitly admits that the Florida Court is well capable of ruling on the pending subpoena-related motions.  Indeed, in opposing these motions, VirnetX asked the Florida Court for affirmative relief on at least three separate occasions, and only argued "[i]n the alternative" that the motions should be decided by the Eastern District of Texas.  (D.I. 4 at 15; D.I. 27 at 20; D.I. 34 at 4).  Moreover, the parties agree that these motions involve the application of Florida law, including Florida privilege/work product law.  The Florida Court is better suited to decide such issues.  (D.I. 4 at 7-10; D.I. 27 at 15-17).

A retransfer of the action to Florida will also help protect Respondents' third party interests.  New Rule 45 was designed to "protect local nonparties" by allowing transfer only when there are "exceptional circumstances" that "outweigh the interests of the nonparty served with the subpoena."  FED. R. CIV. P. 45(f) advisory committee's note.  Respondents should not be forced to defend their rights in this Court, which is 1100 miles away and does not have personal jurisdiction over them.  Respondents have a clear interest in having the fully briefed motions, which rely, in part, on Florida law, decided by their local court.  Respondents have already incurred substantial expense in defending against the barrage of VirnetX's subpoenas.  Undoubtedly, if this case were to go forward in this Court, Respondents would incur substantially more expense than they would if the fully briefed motions were decided by the Florida Court.  For example, the pending motions do not address Texas law or the law of the Fifth Circuit, and it is unclear how this Court would handle these issues and whether the Court would require additional briefing or argument.

Moreover, if this action proceeds in this Court, VirnetX will likely use this as an opportunity to raise additional issues that it did not raise before the Florida Court, which would necessitate further briefing and argument, exponentially increasing the burden on the third-party Respondents.  This concern is very real.  When Respondents moved the Federal Circuit for a Writ of Mandamus, VirnetX used it as an opportunity to raise additional arguments concerning the relevancy of its subpoenas that it never raised with the Florida Court (*see* VirnetX's Response to Mandamus Petition at 22-23, attached as Exhibit F),[2] and it is highly likely that VirnetX will raise these new issues with this Court, given the opportunity.  Respondents do not have any confidence that VirnetX will suddenly stop its practice of throwing new arguments against the wall at every opportunity in the hopes that something sticks.  Thus, Respondents' third-party interests strongly weigh in favor of retransferring the action back to Florida, where the motions are fully briefed.

## IV.    CONCLUSION

For all the above reasons, this Court should retransfer Miscellaneous Action No. 13-mc-00037 back to the Southern District of Florida.

Dated:  April 4, 2014                                  Respectfully Submitted,

                                                       By: */s/ D. Jeffrey Rambin*
                                                           S. Calvin Capshaw

---

[2]     Despite having ample incentive and opportunity to defend the relevance of its subpoenas before the Florida Court, VirnetX argued for the first time on Mandamus that the discovery could also be relevant to the issues of willfulness and the determination of attorney's fees.  (Exhibit F at 22-23).  Consideration of these new arguments likewise does not require any understanding of the issues in the Underlying Litigation.  Indeed, VirnetX raised these same relevance arguments in defending its similar subpoenas served upon RPX in California, and the California Court quashed the subpoenas without considering the issues in the Underlying Litigation.  Specifically, the California Court held that the discovery requests were "speculative and premature as to these additional theories of relevance" because (1) "the PTAB has yet to decide if VirnetX's patents are valid and if Apple is a real party in interest to RPX's IPR petitions," (2) the discovery "could more conveniently be discovered directly from Apple," and (3) "[w]hether Apple asked RPX to file the IPR petitions has no bearing on whether Apple [willfully] infringed a valid patent." (Exhibit D at 5-7).

State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX, L.L.P.
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
E-mail:  ccapshaw@capshawlaw.com
E-mail:  ederieux@capshawlaw.com
E-mail:  jrambin@capshawlaw.com

**ATTORNEYS FOR NON-PARTIES**
**ROTHMAN AND SRIP LAW**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for non-parties Rothman and SRIP Law conferred with Jason

Cassady, counsel for VernetX, and this Motion is opposed.

/s/ D. Jeffrey Rambin

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic

service are being served this 4th day of April, 2014 with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by

electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ D. Jeffrey Rambin*
D. Jeffrey Rambin

16