# **<u>EXHIBIT C</u>**

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                      October 29, 2013

1

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

| | |
|---|---|
| NEW BAY CAPITAL, LLC,<br>　　　　Petitioner,<br>　　v.<br>VIRENTX INC.,<br>　　　　Patent Owner. | Case IPR2013-00375<br>Patent 6,502,135 |

---

| | |
|---|---|
| NEW BAY CAPITAL, LLC,<br>　　　　Petitioner,<br>　　v.<br>VIRENTX INC.,<br>　　　　Patent Owner. | Case IPR2013-00376<br>Patent 7,490,151 |

---

| | |
|---|---|
| NEW BAY CAPITAL, LLC,<br>　　　　Petitioner,<br>　　v.<br>VIRENTX INC.,<br>　　　　Patent Owner. | Case IPR2013-00377<br>Patent 7,418,504 |

---

| | |
|---|---|
| NEW BAY CAPITAL, LLC,<br>　　　　Petitioner,<br>　　v.<br>VIRENTX INC.,<br>　　　　Patent Owner. | Case IPR2013-00378<br>Patent 7,921,211 |

---

Tuesday, October 29, 2013

3:00 p.m. EST

Teleconference before the Honorable Sally C.
Medley, the proceedings being recorded stenographically
by Jonathan Wonnell, a Registered Professional Court
Reporter (NCRA #835577) and Notary Public of the State
of Minnesota, and transcribed under his direction.

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                    October 29, 2013

2

1        A P P E A R A N C E S   O F   C O U N S E L
              (All participants appearing by phone)

2

3        Patent Trial and Appeal Board:

4            HONORABLE SALLY C. MEDLEY
             HONORABLE KARL D. EASTHOM
5            HONORABLE STEPHEN SIU

6

7        On behalf of Apple Computers:

8            JEFFREY P. KUSHAN, ESQ.

9            JOSEPH A. MICALLEF, ESQ.

10           Sidley, Austin, Brown & Wood

11           1501 K Street, N.W,  Suite 600

12           Washington, D.C. 20005

13           (202) 736-8000

14           jkushan@sidley.com

15           jmicallef@sidley.com

16           -- and --

17           JENNIFER YOKOYAMA, ESQ.

18           DAVID E. MELAUGH, ESQ.

19           Apple Inc.

20           1 Inifinite Loop

21           Cupertino, California 95014

22           (408) 974-0761

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                    October 29, 2013

3

1              A P P E A R A N C E S   (Cont'd)

2

3       On behalf of Virnetx Inc.:

4              JOSEPH E. PALYS, ESQ.

5              Finnegan, Henderson, Farabow, Garrett &

6                Dunner, LLP

7              Two Freedom Square

8              11955 Freedom Drive

9              Reston, Virginia 20190-5675

10             (571) 203-2700

11             joseph.palys@finnegan.com

12             -- and --

13             NAVEEN MODI, ESQ.

14             Finnegan, Henderson, Farabow, Garrett &

15                Dunner, LLP

16             901 New York Avenue, N.W.

17             Washington, D.C. 20005

18             (202) 408-4000

19             naveen.modi@finnegan.com

20

21

22

Patent Nos. 6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                              October 29, 2013

4

1            A P P E A R A N C E S   (Cont'd)

2

3        On behalf of New Bay Capital:

4            ROBERT M. ASHER, ESQ.

5            Sunstein, Kann, Murphy & Timbers LLP

6            125 Summer Street

7            Boston, Massachusetts 02110-1618

8            (617) 443-9292

9            rasher@sunsteinlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                    October 29, 2013

5

P R O C E E D I N G S

(2:00 p.m.)

1   JUDGE MEDLEY:  Good afternoon.  This is

2   Judge Medley.  I have with me on the line Judges

3   Easthom and Siu.  This is in regards to

4   IPR2013-00375, 376, 377 and 378.  Do I have a court

5   reporter on line?

6   THE REPORTER:  Yes, Judge.  This is Jon

7   Wonnell.  I'll put myself on mute.

8   JUDGE MEDLEY:  All right.  Court

9   reporter.  Great.  So we can go ahead and begin.

10  And I'd like to take a roll call.  For Apple?

11  MR. KUSHAN:  Jeff Kushan from Sidley

12  Austin with Joe Micallef.

13  MS. YOKOYAMA:  Jennifer Yokoyama with

14  Apple.

15  MR. MELAUGH:  David Melaugh with Apple.

16  JUDGE MEDLEY:  Okay.  And Jennifer and

17  David, you're not counsel of record?

18  MR. MELAUGH:  I am in-house counsel with

19  Apple.

20  MS. YOKOYAMA:  As am I.

Henderson Legal Services, Inc.

Patent Nos. 6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                      October 29, 2013

6

1          JUDGE MEDLEY:  Okay.  And then for New

2     Bay?

3          MR. ASHER:  Robert Asher from Sunstein,

4     Kann, Murphy & Timbers.

5          JUDGE MEDLEY:  Thank you.  And do you

6     have anyone else with you?

7          MR. ASHER:  Just myself.

8          JUDGE MEDLEY:  Okay.  And then Virnetx?

9          MR. PALYS:  Hi, Your Honor.  This is

10    Joseph Palys.  And with me is Naveen Modi, both

11    from Finnegan Henderson.

12         JUDGE MEDLEY:  All right.  Thank you.

13    The panel understands that New Bay would like to

14    file a motion to terminate the four proceedings and

15    that the request is also not based on a settlement

16    agreement.  So we'd like to begin the conference

17    call letting counsel for New Bay explain the

18    situation.

19         MR. ASHER:  Yes, Your Honor.  Actually

20    at this point this would be a joint motion to

21    terminate in which both parties, Virnetx and New

22    Bay, join in this request to terminate the IPRs.

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                  October 29, 2013

7

1  The parties no longer wish to contest this

2  proceeding and we expect that the normal course

3  where there are no parties with anything to

4  contest, that the inter partes review should be

5  terminated typically pursuant to the statute 35

6  U.S.C. 317.

7           JUDGE MEDLEY:  But that has to do with

8  settlement and you've represented that there is no

9  settlement.

10          MR. ASHER:  There is no settlement other

11  than the fact that we indicated our interest in

12  filing a motion to terminate and Virnetx is in

13  agreement with that.

14          JUDGE MEDLEY:  Okay.  So I don't think

15  that 317 is the proper statute for this situation

16  because under that particular statute, at the top

17  it's entitled settlement and then there's

18  agreements in writing.  If there are agreements,

19  you know, you have to file a true copy if you have

20  an agreement.

21          So in a situation where you don't have

22  an agreement or a settlement it doesn't seem to

Patent Nos. 6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                    October 29, 2013

8

1  really fit within the purviews of that.

2            MR. ASHER:  Well, it's not clear to me

3  how a settlement is construed.  We have the e-mail

4  that we sent and the e-mail that Virnetx sent

5  agreeing to termination.

6            JUDGE MEDLEY:  Mm-hmm.

7            MR. ASHER:  So --

8            JUDGE MEDLEY:  I mean, to back up, we

9  originally understood that Petitioner wanted to

10 terminate and that properly could be construed as a

11 request to adverse judgment under 42.73 in which

12 the Board would enter judgment because you are

13 abandoning the contest.

14           And we don't have a settlement here.  So

15 it doesn't seem like that would be the appropriate

16 way to go under 317, to terminate.  So if we

17 authorized a motion to -- for you to file a motion

18 to terminate, it seems like that is what you would

19 be requesting, unless I'm -- I mean, you're

20 abandoning the contest, correct?

21           MR. ASHER:  Correct.  I'm not -- not

22 having seen prior cases and seeing anything in the

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                    October 29, 2013

9

1   statute, it's not clear to us what the effect of an

2   adverse judgment would be.

3             JUDGE MEDLEY:  Well, we were thinking

4   that under 325(d), if you were to come back before

5   us, that we likely would not institute -- I mean,

6   we wouldn't go forward on another petition.  That

7   is, if you drop this abandonment and then try to

8   come back in, I think we'd have a pretty good leg

9   to stand on under 325(d).

10            And in particular, it says "In

11  determining whether to institute order proceeding

12  under this chapter, chapter 30, or chapter 31, the

13  director may take into account whether, and reject

14  the petitioner request because, the same or

15  substantially the same prior art or arguments

16  previously were presented to the Office."

17            So in effect there's no estoppel, Rule

18  42.73(b) estoppel, because there is not going to be

19  a final determination.  However, we feel like that

20  the likely scenario would be there would be a

21  352(b) estoppel.

22            MR. ASHER:  Yeah.  So the estoppel

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                              October 29, 2013

10

1   exists in the Patent Office but there's no final

2   decision.  So that Statute 315 does not apply?

3           JUDGE MEDLEY:  I think that's with

4   respect to final determination, if I'm not

5   mistaken.  315?

6           MR. ASHER:  Yeah.  315(e) relates to a

7   final written decision.

8           JUDGE MEDLEY:  That's correct.  That's

9   the way I read that too.

10          MR. ASHER:  Right.

11          JUDGE MEDLEY:  But I think that that's

12  why 325(d) would be -- that would be the concern, I

13  guess, to New Bay.  So in other words if you want

14  out -- we understand that if you want out you want

15  out.  You abandon the contest.  Then if you tried

16  to come back in, you know, I think you're going to

17  be out of luck, unless I'm --

18          MR. ASHER:  We're fine with that as long

19  as there's no final written decision that arises

20  out of these four IPRs.

21          JUDGE MEDLEY:  Okay.  All right.  So I

22  then -- I don't know that we need a joint motion.

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                    October 29, 2013

11

¹    It could just be an unopposed motion.

²            MR. KUSHAN:  Well -- excuse me, Your

³    Honor.  This is Jeff Kushan.  We would oppose that

⁴    motion and we're ready to give you the reasons we

⁵    have for opposing it.

⁶            JUDGE MEDLEY:  Okay.  Right.  I'm just

⁷    trying to work between the two parties that are the

⁸    parties in this case.

⁹            So if that sounds agreeable to New Bay

¹⁰   we would -- we would probably authorize motion to

¹¹   terminate and then you would just file it and say

¹²   it's unopposed.  You would, you know, follow 42.73

¹³   requesting adverse judgment, so abandonment of the

¹⁴   contest.  Then we would enter judgment and we would

¹⁵   cite to 325(d).

¹⁶           MR. ASHER:  Okay.

¹⁷           JUDGE MEDLEY:  All right.  Okay.  Before

¹⁸   I move on to hear from Mr. Kushan, does Mr. Palys

¹⁹   want to chime in?

²⁰           MR. PALYS:  Thank you, Your Honor.  Yes,

²¹   this is Joe Palys for Virnetx.  Obviously we don't

²²   object.  We wouldn't oppose that motion.  So from

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                    October 29, 2013

12

1    that standpoint there's nothing more to say from

2    Virnetx's side.

3                But I do -- since I've already got the

4    floor I was wondering if I could address what it

5    appears that Apple is going to be voicing in

6    opposition.

7                JUDGE MEDLEY:  Well, let's hear from

8    them first.  Okay?

9                MR. PALYS:  Okay.  I'll reserve time.

10   Thank you.

11               JUDGE MEDLEY:  Apple?

12               MR. KUSHAN:  Sure, Your Honor.  We've

13   looked at every termination decision that has come

14   out of the Board, both before institution and trial

15   and after institution and trial.  One thing that we

16   keep seeing is one of the primary determinations in

17   whether to grant that motion is whether there is

18   concurrent litigation involving the same patent.

19               And what we see consistently being

20   stated by the panels in these decisions is that the

21   absence -- there's an absence of concurrent

22   litigation involving the contested patents and that

Patent Nos. 6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                October 29, 2013

13

1   is a factor supporting termination.  And we take

2   from that the view that if there is concurrent

3   litigation involving the same patent then that is a

4   factor that should be considered against granting a

5   motion to terminate.

6            JUDGE MEDLEY:  But New Bay is not a

7   party to the litigation.  Is that correct?

8            MR. KUSHAN:  That's right.  But when we

9   look at these decisions they don't limit the focus

10  to the parties in the IPR.  They look at other

11  parties, third parties, against whom the patent has

12  been asserted.  And we believe in this instance

13  there are a number of very good reasons, public

14  policy reasons, why you should defer terminating

15  the proceeding as to New Bay.

16            As you'll recall, you authorized a

17  briefing of a joinder motion for Apple's petitions

18  relative to the petitions that have been filed by

19  New Bay.

20            JUDGE MEDLEY:  Right.

21            MR. KUSHAN:  That briefing is complete,

22  as is the briefing -- the patenter has filed

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                    October 29, 2013

14

1    oppositions, their opening statements, their

2    openings responses, in all of the petitions that

3    have been filed both from New Bay and Apple.  And

4    so the record is pretty much complete right now

5    waiting for the Board to act on all these petitions

6    and the joinder motion.

7            Our view is that you should defer

8    termination of the proceeding as to New Bay until

9    after you decided whether to institute the

10   proceeding and decide the joinder motion.  We've

11   all invested a fair amount of effort to bring the

12   issues for joinder, and we believe that the

13   proceeding is certainly warranted based on the

14   merits of the claims and the status of those claims

15   and concurrent Office proceedings.  Both -- each of

16   those claims and each of the patents has been held

17   unpatentable at this point.

18           So in our view the filing of a motion to

19   terminate at this point in the proceedings is

20   premature and would be a waste of time for

21   everybody.  We believe that the ultimate outcome of

22   the proceedings, both from the basis of the Apple

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                    October 29, 2013

15

¹ petitions or from the basis of the New Bay

² petitions, is something that should be taken up and

³ conducted in an IPR.  And through the joinder

⁴ motion hopefully you would grant the motion to join

⁵ these proceedings.

⁶         One thing as well I just wanted to make

⁷ clear is that we would -- while we would oppose the

⁸ termination at this point before you've had a

⁹ chance to consider the joinder motion and make a

¹⁰ determination on that, we would not oppose New Bay

¹¹ being terminated in the proceeding if you were to

¹² institute trial.  And from that perspective we

¹³ believe it's somewhat efficient for you to defer

¹⁴ the question of whether it's appropriate to

¹⁵ terminate or not.

¹⁶         I want to make sure you're also aware

¹⁷ that -- and we've done -- in our periodic updates

¹⁸ there's an appeal proceeding underway out of a

¹⁹ district court action in Texas.  Virnetx had filed

²⁰ two actions under these patents against Apple and a

²¹ number of other parties.  The first trial ended and

²² that decision, which was adverse to Apple, is on

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                     October 29, 2013

16

1  appeal at the federal circuit.  We've just filed an

2  opening appeal brief about a week and a half ago.

3          JUDGE MEDLEY:  Mm-hmm.

4          MR. KUSHAN:  We want to flag that

5  because in the event that that appeal proceeding

6  does not reverse the judgment of the district court

7  in Texas, then some of the claims that have

8  presently been found unpatentable by the Office in

9  their inter partes reexamination proceedings may

10 not be continued in the PTO proceedings.

11          So there's at least some claims that are

12 currently found to be unpatentable in the PTO in

13 inter partes review, inter partes reexamination,

14 which may not get to an ultimate outcome because of

15 the estoppel provisions of the old law.  And so

16 there is a public policy reason for the Office to

17 continue its conducting of an evaluation of the

18 patentability of at least some of these claims in

19 our view.  That wouldn't be a factor we think as

20 relevant to continuing an IPR on the basis of these

21 proceedings.

22          So to wrap up, we look at this situation

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                    October 29, 2013

17

1    as something where if the panel were to consider

2    and act on the petitions that have been filed and

3    on the joinder motion briefed and were to decide to

4    institute trial, we would not oppose at that point

5    the withdrawal of New Bay from these proceedings

6    and that would in one sense obviate the need for

7    any briefing or discussion of the motion to

8    terminate with regard to them.

9              JUDGE MEDLEY:  Okay.  This question for

10   you:  How does it become proper, then, if we were

11   to go forward, join the cases, and then let them

12   out?  How is it proper at that point for them to

13   come out of the cases when prior to it would be

14   improper because of the ongoing litigation?

15             MR. KUSHAN:  Well, the question I think

16   that's uncertain at this point is the status of

17   Apple's petitions under the section 315 of --

18   315(b).  And we know that there have been a couple

19   decisions of panels looking at situations where a

20   party has been sued more than one year prior to the

21   institution or its filing of a petition.

22             Our case involves a somewhat different

Henderson Legal Services, Inc.

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                          October 29, 2013

18

1    situation.  We have been sued twice by Virnetx and

2    we're within the second window of that litigation.

3    So, you know, in one sense if the Board were to

4    find that the first institute, the first trial, the

5    first action, set the clock and is not reset by the

6    second action Virnetx has filed, then there may be

7    a scenario where we would not be able to

8    participate in an IPR in this case absent the

9    joinder of our proceeding to the proceedings -- the

10   petitions that have been filed by New Bay.

11            So in this instance there is a

12   consequence of the timing of the termination

13   decision by the panel that may arise.  And then

14   again, we're somewhat in uncertain status right

15   now.  We don't know exactly how you would act on or

16   consider the question of 315(b) relative to the

17   Apple petitions.  But --

18            JUDGE MEDLEY:  Okay.  Okay.  I think I

19   understand.  I just thought -- at first you had

20   said that the Board had come out with some decision

21   saying that we wouldn't terminate a proceeding if

22   there was ongoing litigation between the parties or

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                           October 29, 2013

19

1   something to that effect.

2            MR. KUSHAN:  Yes.  And --

3            JUDGE MEDLEY:  And we all recognize that

4   New Bay is not part of the litigation.  But then

5   you said it didn't matter, that any third party,

6   that that would be applicable.

7            And so I'm just trying to clarify.  You

8   said that that should prevent us from going forward

9   with the termination, but after we were to

10  institute then it would be okay.  So I was just

11  trying to clarify if it was okay if we were to join

12  the cases.

13           MR. KUSHAN:  Sure.  Well, let me try to

14  make this very clear.  I think the statute is very

15  clear that you would be able to institute trial on

16  the basis of the Apple petitions when they're

17  accompanied by a joinder motion.  And the joinder

18  motion would be authorized, is connected to the New

19  Bay petitions.

20           So if you were to institute trial on the

21  basis of the Apple and New Bay petitions there's no

22  question you're entitled to conduct trial once

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                    October 29, 2013

20

1    that's been determined.

2           What we've seen in all the termination

3    decisions that have come out of the panel is that

4    the panel will weigh as a factor whether to grant

5    termination the existence against any party of

6    litigation involving the same patent.  In fact that

7    seems to be the only criteria that seems to be

8    consistently identified in justifying termination.

9           So those are two separate --

10          JUDGE MEDLEY:  But that is a post

11   institution, right?  That's not a factor that we

12   weigh necessarily before we institute?

13          MR. KUSHAN:  No.  It's been in a number

14   of pre-institution cases as well.  I can give you a

15   couple of the orders.

16          JUDGE MEDLEY:  No.  That's okay.  I

17   think we can find them if they're out there.

18          MR. KUSHAN:  There's about a half a

19   dozen of them.

20          JUDGE MEDLEY:  Okay.  Thank you very

21   much.  And now I'd like to hear from New Bay.

22          MR. ASHER:  Firstly, Your Honor, we

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                    October 29, 2013

21

1    don't see how Apple has standing to present

2    arguments or take a position in these IPRs at all.

3    The joinder is not timely.  The IPRs have not been

4    instituted.  And so we don't see how Apple has any

5    standing at all.

6              Secondly, if you are going to consider

7    concurrent litigation, please understand that New

8    Bay has been subjected to seven subpoenas.  I've

9    been subpoenaed.  My partner has been subpoenaed.

10   My firm has been subpoenaed.  We've been subjected

11   with over 300 document requests, 300 documents for

12   deposition.  There have been briefs filed in

13   Massachusetts, Delaware and Florida to quash these

14   discovery requests from Virnetx.

15             It is New Bay's interest in bringing

16   this all to an end and taking the relevance of

17   these proceedings totally off the board as soon as

18   possible so that it does not have to incur these

19   continued gross legal expenditures to deal with all

20   the discovery requests that are out and ongoing.

21             So if the concurrent litigation is a

22   factor in your decision we think those things

22

¹ should be taken into account so that the Board

² would terminate this proceeding as soon as

³ possible.

⁴          JUDGE MEDLEY:  Okay.  Are you finished?

⁵          MR. ASHER:  Yes.

⁶          JUDGE MEDLEY:  All right.  And then

⁷ counsel for Virnetx?

⁸          MR. PALYS:  Thank you, Your Honor.  Just

⁹ to address some of the points that Apple's counsel

¹⁰ has raised, just to begin with, you know, we kind

¹¹ of agree with New Bay's counsel that we think --

¹² Apple is not a party to these proceedings right now

¹³ and we think it would actually be against public

¹⁴ policy to allow an entity to interfere with the

¹⁵ joint requests of the only participants in this

¹⁶ proceedings, in this case New Bay and Virnetx,

¹⁷ willing to terminate these IPR proceedings.

¹⁸          And having said that, you know,

¹⁹ regarding the public policy, I think the Patent

²⁰ Trial Office practice guides suggest that there is

²¹ strong public policy reasons to favor settlement

²² and thus termination between parties, especially if

23

1   there's a joint request to do that.

2          JUDGE MEDLEY:  But there's no

3   settlement, so --

4          MR. PALYS:  Well, we understand that,

5   but the point is that we think that -- if there is

6   a joint request between the parties to terminate

7   the proceedings, we think there is actually even

8   more strong public policy to do so if it's before

9   institution.

10         Again, the only two parties that are

11  really involved in these proceedings is New Bay and

12  Vernetx and both are willing to terminate the

13  proceedings and we think it actually helps the

14  public policy or supports this idea of favoring

15  settlement, if you will, or, if not, termination.

16         JUDGE MEDLEY:  Okay.

17         MR. PALYS:  Following along with --

18  about prejudice, Apple raised some issues on

19  prejudice.  Just A couple points on this.

20         Apple, as you know, Your Honor, already

21  has -- I don't know.  I think it's around eleven

22  inter partes reexams pending against Virnetx

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                          October 29, 2013

24

1    patents.  Some of those involve all four of the

2    patents at issue in the New Bay IPRs.  The same

3    claims, the same patents and the same prior art.

4             So the fact that Apple not being able to

5    participate in the IPR, I think they have these

6    inter partes reexaminations.  They're going to have

7    the same body review these eventually, which is the

8    PTAB, and they did it through appeal.  So we think

9    they will have their day in court regarding

10   challenging the validity of the same patents here.

11            The second point is, you know, according

12   to Apple and in their petitions and even in their

13   motion to terminate, that they don't have a 315(b)

14   problem.  I mean, when they filed their petitions

15   they specifically said their position was that

16   they're not time barred.  Of course Virnetx

17   disagreed with that, but from Apple's perspective,

18   they don't need New Bay's petitions.

19            So they have their own -- I believe it's

20   seven IPRs pending right now.  There would be no

21   prejudice, according to them, because under 315(b)

22   doesn't apply to their petition.

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                    October 29, 2013

25

1            JUDGE MEDLEY:  Okay.  All right.

2            MR. PALYS:  And one last point, Your

3   Honor.  I'm sorry to interrupt.  But just on the

4   idea of motion for joinder, I believe -- I'd like

5   just to point the Board to the decision by Judge

6   Lee in IPR 2013, 134.  That's paper number 34.  And

7   in there Judge Lee specifically points out that a

8   motion to joinder does not and should not act as an

9   automatic stay of the proceedings.

10           Facts very similar to what we're

11  addressing here.  In this decision they were

12  addressing an adverse judgment request.  And the --

13           JUDGE MEDLEY:  Okay.  I'm aware of that.

14           MR. PALYS:  Thank you.

15           JUDGE MEDLEY:  Okay.  I think we have

16  enough information and we're going to confer so if

17  you'd please wait for us for a few minutes we will

18  get back on line.

19           (Pause, approximately 2 minutes.)

20           JUDGE MEDLEY:  Okay.  The panel is back.

21  And we're going to take it under advisement, all of

22  the arguments from today.  When can we get a

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                    October 29, 2013

26

1   transcript?

2          THE REPORTER:  I have no problem getting

3   it to you tomorrow morning.

4          JUDGE MEDLEY:  Okay.  So if you could

5   file that tomorrow morning we should been able to

6   get an order out in the next day or two.

7          Okay.  Are there any questions,

8   comments?

9          MR. KUSHAN:  Yes, Your Honor.  Just one

10  last thing.  I wanted to -- I mean, if you would

11  like any updates on the status of these

12  proceedings, we've been filing them but there seems

13  to be some question based on Virnetx's comments

14  about which ones we've filed at Apple, what the

15  status of them are and other variables.

16          If that's relevant we're happy to

17  provide you with further information.

18          JUDGE MEDLEY:  Okay.  We'll let you

19  know.  Any other questions, comments?

20          MR. PALYS:  Not from Virnetx, Your

21  Honor.

22          MR. ASHER:  No, thanks.

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211

Teleconference                                      October 29, 2013

27

1          JUDGE MEDLEY:  Okay.  Thank you very

2    much.

3          MR. ASHER:  Thanks.

4          MR. KUSHAN:  Thank you.

5          JUDGE MEDLEY:  Bye.

6          (Whereupon, the conference call ended at

7    3:27 p.m. EST.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Henderson Legal Services, Inc.

Patent Nos. 6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                    October 29, 2013

28

1                    CERTIFICATE OF REPORTER

2          I, Jonathan Wonnell, a Registered
   Professional Court Reporter (NCRA #835577) and
3  Notary Public of the State of Minnesota, County of
   Hennepin, do hereby certify that the foregoing
4  transcript is a true and accurate record of these
   proceedings; that said proceedings were taken in
5  Stenotype note by me on the 29th day of October,
   2013, commencing at 3:00 p.m. EST and ending at
6  3:27 p.m. EST.
                 I further certify that present on behalf
7  of Party Virnetx were Joseph Palys, Esq., and
   Naveen Modi, Esq., of Finnegan, Henderson, Farabow,
8  Garrett & Dunner, LLP; on behalf of Party New Bay
   Capital was Robert M. Asher, Esq., of Sunstein,
9  Klann, Murphy & Timbers LLP; and on behalf of
   Non-Party Apple Inc. were Jeffrey Kushan, Esq., and
10 Joseph A. Micallef, Esq., of Sidley Austin LLP, and
   Apple Inc. in-house counsel Jennifer Yokoyama,
11 Esq., and David Melaugh, Esq.
                 I further certify that I am not related
12 to, nor associated with any of the parties or their
   attorneys, nor do I have any disqualifying
13 interest, personal or financial, in the actions
   within.
14              Dated this 29th day of October, 2013, in
   Hennepin County, Minnesota.
15

16

17

18  _____

19 Jonathan Wonnell

20 Notary Public, Hennepin County, Minnesota

21 My Commission expires January 31, 2017

22

Henderson Legal Services, Inc.
202-220-4158                        www.hendersonlegalservices.com

A325

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                    October 29, 2013

1

| A | | | | |
|---|---|---|---|---|
| **A** | | | | |
| abandon 10:15 | amount 14:11 | authorized 8:17 | briefing 13:17 | 10:16 12:13 |
| abandoning | appeal 1:2 2:3 | 13:16 19:18 | 13:21,22 17:7 | 17:13 18:20 |
| 8:13,20 | 15:18 16:1,2,5 | automatic 25:9 | briefs 21:12 | 20:3 |
| abandonment | 24:8 | Avenue 3:16 | bring 14:11 | commencing |
| 9:7 11:13 | appearing 2:1 | aware 15:16 | bringing 21:15 | 28:5 |
| able 18:7 19:15 | appears 12:5 | 25:13 | Brown 2:10 | comments 26:8 |
| 24:4 26:5 | Apple 2:7,19 | | Bye 27:5 | 26:13,19 |
| absence 12:21 | 5:12,16,17,21 | **B** | | Commission |
| 12:21 | 12:5,11 14:3 | back 8:8 9:4,8 | **C** | 28:21 |
| absent 18:8 | 14:22 15:20,22 | 10:16 25:18,20 | C 1:18 2:1,1,4 | complete 13:21 |
| accompanied | 18:17 19:16,21 | barred 24:16 | 3:1 4:1 5:1 | 14:4 |
| 19:17 | 21:1,4 22:12 | based 6:15 | California 2:21 | Computers 2:7 |
| account 9:13 | 23:18,20 24:4 | 14:13 26:13 | call 5:12 6:17 | concern 10:12 |
| 22:1 | 24:12 26:14 | basis 14:22 15:1 | 27:6 | concurrent |
| accurate 28:4 | 28:9,10 | 16:20 19:16,21 | Capital 1:3,6,9 | 12:18,21 13:2 |
| act 14:5 17:2 | Apple's 13:17 | Bay 1:3,6,9,12 | 1:12 4:3 28:8 | 14:15 21:7,21 |
| 18:15 25:8 | 17:17 22:9 | 4:3 6:2,13,17 | case 1:4,7,10,13 | conduct 19:22 |
| action 15:19 | 24:17 | 6:22 10:13 | 11:8 17:22 | conducted 15:3 |
| 18:5,6 | applicable 19:6 | 11:9 13:6,15 | 18:8 22:16 | conducting |
| actions 15:20 | apply 10:2 | 13:19 14:3,8 | cases 8:22 17:11 | 16:17 |
| 28:13 | 24:22 | 15:1,10 17:5 | 17:13 19:12 | confer 25:16 |
| address 12:4 | appropriate | 18:10 19:4,19 | 20:14 | conference 6:16 |
| 22:9 | 8:15 15:14 | 19:21 20:21 | certainly 14:13 | 27:6 |
| addressing | approximately | 21:8 22:16 | CERTIFICA... | connected 19:18 |
| 25:11,12 | 25:19 | 23:11 24:2 | 28:1 | consequence |
| adverse 8:11 9:2 | arguments 9:15 | 28:8 | certify 28:3,6,11 | 18:12 |
| 11:13 15:22 | 21:2 25:22 | Bay's 21:15 | challenging | consider 15:9 |
| 25:12 | arises 10:19 | 22:11 24:18 | 24:10 | 17:1 18:16 |
| advisement | art 9:15 24:3 | behalf 2:7 3:3 | chance 15:9 | 21:6 |
| 25:21 | Asher 4:4 6:3,3 | 4:3 28:6,8,9 | chapter 9:12,12 | considered 13:4 |
| afternoon 5:3 | 6:7,19 7:10 8:2 | believe 13:12 | 9:12 | consistently |
| ago 16:2 | 8:7,21 9:22 | 14:12,21 15:13 | chime 11:19 | 12:19 20:8 |
| agree 22:11 | 10:6,10,18 | 24:19 25:4 | circuit 16:1 | construed 8:3 |
| agreeable 11:9 | 11:16 20:22 | board 1:2 2:3 | cite 11:15 | 8:10 |
| agreeing 8:5 | 22:5 26:22 | 8:12 12:14 | claims 14:14,14 | Cont'd 3:1 4:1 |
| agreement 6:16 | 27:3 28:8 | 14:5 18:3,20 | 14:16 16:7,11 | contest 7:1,4 |
| 7:13,20,22 | asserted 13:12 | 21:17 22:1 | 16:18 24:3 | 8:13,20 10:15 |
| agreements 7:18 | associated 28:12 | 25:5 | clarify 19:7,11 | 11:14 |
| 7:18 | attorneys 28:12 | body 24:7 | clear 8:2 9:1 | contested 12:22 |
| ahead 5:11 | Austin 2:10 5:14 | Boston 4:7 | 15:7 19:14,15 | continue 16:17 |
| allow 22:14 | 28:10 | brief 16:2 | clock 18:5 | continued 16:10 |
| | authorize 11:10 | briefed 17:3 | come 9:4,8 | 21:19 |

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                                    October 29, 2013

2

| | | | | |
|---|---|---|---|---|
| **continuing** 16:20<br>**copy** 7:19<br>**correct** 8:20,21 10:8 13:7<br>**counsel** 5:19,20 6:17 22:7,9,11 28:10<br>**County** 28:3,14 28:20<br>**couple** 17:18 20:15 23:19<br>**course** 7:2 24:16<br>**court** 1:20 5:6 5:10 15:19 16:6 24:9 28:2<br>**criteria** 20:7<br>**Cupertino** 2:21<br>**currently** 16:12<br>**D**<br>**D** 2:4 5:1<br>**D.C** 2:12 3:17<br>**Dated** 28:14<br>**David** 2:18 5:17 5:19 28:11<br>**day** 24:9 26:6 28:5,14<br>**deal** 21:19<br>**decide** 14:10 17:3<br>**decided** 14:9<br>**decision** 10:2,7 10:19 12:13 15:22 18:13,20 21:22 25:5,11<br>**decisions** 12:20 13:9 17:19 20:3<br>**defer** 13:14 14:7 15:13<br>**Delaware** 21:13 | **deposition** 21:12<br>**determination** 9:19 10:4 15:10<br>**determinations** 12:16<br>**determined** 20:1<br>**determining** 9:11<br>**different** 17:22<br>**direction** 1:22<br>**director** 9:13<br>**disagreed** 24:17<br>**discovery** 21:14 21:20<br>**discussion** 17:7<br>**disqualifying** 28:12<br>**district** 15:19 16:6<br>**document** 21:11<br>**documents** 21:11<br>**dozen** 20:19<br>**Drive** 3:8<br>**drop** 9:7<br>**Dunner** 3:6,15 28:8<br>**E**<br>**E** 2:1,1,1,18 3:1 3:1,4 4:1,1 5:1 5:1<br>**e-mail** 8:3,4<br>**Easthom** 2:4 5:5<br>**effect** 9:1,17 19:1<br>**efficient** 15:13<br>**effort** 14:11<br>**eleven** 23:21<br>**ended** 15:21 | 27:6<br>**enter** 8:12 11:14<br>**entitled** 7:17 19:22<br>**entity** 22:14<br>**especially** 22:22<br>**Esq** 2:8,9,17,18 3:4,13 4:4 28:7 28:7,8,9,10,11 28:11<br>**EST** 1:17 27:7 28:5,6<br>**estoppel** 9:17,18 9:21,22 16:15<br>**evaluation** 16:17<br>**event** 16:5<br>**eventually** 24:7<br>**everybody** 14:21<br>**exactly** 18:15<br>**excuse** 11:2<br>**existence** 20:5<br>**exists** 10:1<br>**expect** 7:2<br>**expenditures** 21:19<br>**expires** 28:21<br>**explain** 6:17<br>**F**<br>**F** 2:1<br>**fact** 7:11 20:6 24:4<br>**factor** 13:1,4 16:19 20:4,11 21:22<br>**Facts** 25:10<br>**fair** 14:11<br>**Farabow** 3:5,14 28:7<br>**favor** 22:21 | **favoring** 23:14<br>**federal** 16:1<br>**feel** 9:19<br>**file** 6:14 7:19 8:17 11:11 26:5<br>**filed** 13:18,22 14:3 15:19 16:1 17:2 18:6 18:10 21:12 24:14 26:14<br>**filing** 7:12 14:18 17:21 26:12<br>**final** 9:19 10:1,4 10:7,19<br>**financial** 28:13<br>**find** 18:4 20:17<br>**fine** 10:18<br>**finished** 22:4<br>**Finnegan** 3:5,14 6:11 28:7<br>**firm** 21:10<br>**first** 12:8 15:21 18:4,4,5,19<br>**Firstly** 20:22<br>**fit** 8:1<br>**flag** 16:4<br>**floor** 12:4<br>**Florida** 21:13<br>**focus** 13:9<br>**follow** 11:12<br>**Following** 23:17<br>**foregoing** 28:3<br>**forward** 9:6 17:11 19:8<br>**found** 16:8,12<br>**four** 6:14 10:20 24:1<br>**Freedom** 3:7,8<br>**further** 26:17 28:6,11 | **G**<br>**G** 5:1<br>**Garrett** 3:5,14 28:8<br>**getting** 26:2<br>**give** 11:4 20:14<br>**go** 5:11 8:16 9:6 17:11<br>**going** 9:18 10:16 12:5 19:8 21:6 24:6 25:16,21<br>**good** 5:3 9:8 13:13<br>**grant** 12:17 15:4 20:4<br>**granting** 13:4<br>**Great** 5:11<br>**gross** 21:19<br>**guess** 10:13<br>**guides** 22:20<br>**H**<br>**half** 16:2 20:18<br>**happy** 26:16<br>**hear** 11:18 12:7 20:21<br>**held** 14:16<br>**helps** 23:13<br>**Henderson** 3:5 3:14 6:11 28:7<br>**Hennepin** 28:3 28:14,20<br>**Hi** 6:9<br>**Honor** 6:9,19 11:3,20 12:12 20:22 22:8 23:20 25:3 26:9,21<br>**Honorable** 1:18 2:4,4,5<br>**hopefully** 15:4 |

Henderson Legal Services, Inc.

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                    October 29, 2013

3

| I | | | |
|---|---|---|---|
| **idea** 23:14 25:4 | **IPR2013-00376** 1:7 | 9:3 10:3,8,11 | **legal** 21:19 |
| **identified** 20:8 | **IPR2013-00377** 1:10 | 10:21 11:6,17 | **let's** 12:7 |
| **improper** 17:14 | **IPR2013-00378** 1:13 | 12:7,11 13:6 | **letting** 6:17 |
| **in-house** 5:20 28:10 | **IPRs** 6:22 10:20 21:2,3 24:2,20 | 13:20 16:3 17:9 18:18 | **limit** 13:9 **line** 5:4,7 25:18 |
| **incur** 21:18 | **issue** 24:2 | 19:3 20:10,16 | **litigation** 12:18 |
| **indicated** 7:11 | **issues** 14:12 23:18 | 20:20 22:4,6 23:2,16 25:1,5 | 12:22 13:3,7 17:14 18:2,22 |
| **information** 25:16 26:17 | | 25:7,13,15,20 26:4,18 27:1,5 | 19:4 20:6 21:7 21:21 |
| **Inifinite** 2:20 | **J** | **Judges** 5:4 | **LLC** 1:3,6,9,12 |
| **instance** 13:12 18:11 | **January** 28:21 | **judgment** 8:11 8:12 9:2 11:13 | **LLP** 3:6,15 4:5 28:8,9,10 |
| **institute** 9:5,11 14:9 15:12 | **Jeff** 5:13 11:3 **Jeffrey** 2:8 28:9 | 11:14 16:6 25:12 | **long** 10:18 **longer** 7:1 |
| 17:4 18:4 19:10,15,20 | **Jennifer** 2:17 5:15,18 28:10 | **justifying** 20:8 | **look** 13:9,10 16:22 |
| 20:12 | **jkushan@sidl...** 2:14 | **K** | **looked** 12:13 |
| **instituted** 21:4 | **jmicallef@sid...** 2:15 | **K** 2:11 | **looking** 17:19 |
| **institution** 12:14,15 17:21 | **Joe** 5:14 11:21 | **Kann** 4:5 6:4 **KARL** 2:4 | **Loop** 2:20 **luck** 10:17 |
| 20:11 23:9 | **join** 6:22 15:4 17:11 19:11 | **keep** 12:16 **kind** 22:10 | |
| **inter** 7:4 16:9,13 16:13 23:22 | **joinder** 13:17 14:6,10,12 | **Klann** 28:9 **know** 7:19 10:16 | **M** |
| 24:6 | 15:3,9 17:3 | 10:22 11:12 | **M** 4:4 28:8 |
| **interest** 7:11 21:15 28:13 | 18:9 19:17,17 21:3 25:4,8 | 17:18 18:3,15 22:10,18 23:20 | **Massachusetts** 4:7 21:13 |
| **interfere** 22:14 | **joint** 6:20 10:22 | 23:21 24:11 | **matter** 19:5 |
| **interrupt** 25:3 | 22:15 23:1,6 | 26:19 | **mean** 8:8,19 9:5 |
| **invested** 14:11 | **Jon** 5:8 | **Kushan** 2:8 5:13 | 24:14 26:10 |
| **involve** 24:1 | **Jonathan** 1:20 28:2,19 | 5:13 11:2,3,18 12:12 13:8,21 | **Medley** 1:19 2:4 5:3,4,10,18 6:1 |
| **involved** 23:11 | **Joseph** 2:9 3:4 | 16:4 17:15 | 6:5,8,12 7:7,14 |
| **involves** 17:22 | 6:10 28:7,10 | 19:2,13 20:13 | 8:6,8 9:3 10:3 |
| **involving** 12:18 12:22 13:3 | **joseph.palys...** 3:11 | 20:18 26:9 27:4 28:9 | 10:8,11,21 11:6,17 12:7 |
| 20:6 | **Judge** 5:3,4,8,10 5:18 6:1,5,8,12 | **L** | 12:11 13:6,20 16:3 17:9 |
| **IPR** 13:10 15:3 16:20 18:8 | 7:7,14 8:6,8 | **L** 2:1 | 18:18 19:3 |
| 22:17 24:5 25:6 | | **law** 16:15 **Lee** 25:6,7 | 20:10,16,20 22:4,6 23:2,16 |
| **IPR2013-00375** 1:4 5:6 | | **leg** 9:8 | 25:1,13,15,20 26:4,18 27:1,5 |

| | |
|---|---|
| **Melaugh** 2:18 5:17,17,20 28:11 | **N** |
| **merits** 14:14 | **N** 2:1,1 3:1 4:1 5:1 |
| **Micallef** 2:9 5:14 28:10 | **N.W** 2:11 3:16 |
| **Minnesota** 1:22 28:3,14,20 | **Naveen** 3:13 6:10 28:7 |
| **minutes** 25:17 25:19 | **naveen.modi...** 3:19 |
| **mistaken** 10:5 | **NCRA** 1:21 28:2 |
| **Mm-hmm** 8:6 16:3 | **necessarily** 20:12 |
| **Modi** 3:13 6:10 28:7 | |
| **morning** 26:3,5 | |
| **motion** 6:14,20 7:12 8:17,17 | |
| 10:22 11:1,4 11:10,22 12:17 | |
| 13:5,17 14:6 14:10,18 15:4 | |
| 15:4,9 17:3,7 19:17,18 24:13 | |
| 25:4,8 | |
| **move** 11:18 | |
| **Murphy** 4:5 6:4 28:9 | |
| **mute** 5:9 | |

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                              October 29, 2013

4

**need** 10:22 17:6
24:18
**New** 1:3,6,9,12
3:16 4:3 6:1,13
6:17,21 10:13
11:9 13:6,15
13:19 14:3,8
15:1,10 17:5
18:10 19:4,18
19:21 20:21
21:7,15 22:11
22:16 23:11
24:2,18 28:8
**Non-Party** 28:9
**normal** 7:2
**Notary** 1:21
28:3,20
**note** 28:5
**number** 13:13
15:21 20:13
25:6

**O**
**O** 2:1,1 5:1
**object** 11:22
**obviate** 17:6
**Obviously** 11:21
**October** 1:16
28:5,14
**Office** 1:1 9:16
10:1 14:15
16:8,16 22:20
**okay** 5:18 6:1,8
7:14 10:21
11:6,16,17
12:8,9 17:9
18:18,18 19:10
19:11 20:16,20
22:4 23:16
25:1,13,15,20
26:4,7,18 27:1
**old** 16:15

**once** 19:22
**ones** 26:14
**ongoing** 17:14
18:22 21:20
**opening** 14:1
16:2
**openings** 14:2
**oppose** 11:3,22
15:7,10 17:4
**opposing** 11:5
**opposition** 12:6
**oppositions** 14:1
**order** 9:11 26:6
**orders** 20:15
**originally** 8:9
**outcome** 14:21
16:14
**Owner** 1:5,8,11
1:14

**P**
**P** 2:1,1,8 3:1,1
4:1,1 5:1
**p.m** 1:17 5:2
27:7 28:5,6
**Palys** 3:4 6:9,10
11:18,20,21
12:9 22:8 23:4
23:17 25:2,14
26:20 28:7
**panel** 6:13 17:1
18:13 20:3,4
25:20
**panels** 12:20
17:19
**paper** 25:6
**part** 19:4
**partes** 7:4 16:9
16:13,13 23:22
24:6
**participants** 2:1
22:15

**participate** 18:8
24:5
**particular** 7:16
9:10
**parties** 6:21 7:1
7:3 11:7,8
13:10,11,11
15:21 18:22
22:22 23:6,10
28:12
**partner** 21:9
**party** 13:7 17:20
19:5 20:5
22:12 28:7,8
**patent** 1:1,2,4,5
1:7,8,10,11,13
1:14 2:3 10:1
12:18 13:3,11
20:6 22:19
**patentability**
16:18
**patenter** 13:22
**patents** 12:22
14:16 15:20
24:1,2,3,10
**Pause** 25:19
**pending** 23:22
24:20
**periodic** 15:17
**personal** 28:13
**perspective**
15:12 24:17
**petition** 9:6
17:21 24:22
**petitioner** 1:4,7
1:10,13 8:9
9:14
**petitions** 13:17
13:18 14:2,5
15:1,2 17:2,17
18:10,17 19:16
19:19,21 24:12

24:14,18
**phone** 2:1
**please** 21:7
25:17
**point** 6:20 14:17
14:19 15:8
17:4,12,16
23:5 24:11
25:2,5
**points** 22:9
23:19 25:7
**policy** 13:14
16:16 22:14,19
22:21 23:8,14
**position** 21:2
24:15
**possible** 21:18
22:3
**post** 20:10
**practice** 22:20
**pre-institution**
20:14
**prejudice** 23:18
23:19 24:21
**premature**
14:20
**present** 21:1
28:6
**presented** 9:16
**presently** 16:8
**pretty** 9:8 14:4
**prevent** 19:8
**previously** 9:16
**primary** 12:16
**prior** 8:22 9:15
17:13,20 24:3
**probably** 11:10
**problem** 24:14
26:2
**proceeding** 7:2
9:11 13:15
14:8,10,13

15:11,18 16:5
18:9,21 22:2
**proceedings**
1:19 6:14
14:15,19,22
15:5 16:9,10
16:21 17:5
18:9 21:17
22:12,16,17
23:7,11,13
25:9 26:12
28:4,4
**Professional**
1:20 28:2
**proper** 7:15
17:10,12
**properly** 8:10
**provide** 26:17
**provisions**
16:15
**PTAB** 24:8
**PTO** 16:10,12
**public** 1:21
13:13 16:16
22:13,19,21
23:8,14 28:3
28:20
**pursuant** 7:5
**purviews** 8:1
**put** 5:9

**Q**
**quash** 21:13
**question** 15:14
17:9,15 18:16
19:22 26:13
**questions** 26:7
26:19

**R**
**R** 2:1 3:1 4:1 5:1
**raised** 22:10
23:18

rasher@sunst...
  4:9
read 10:9
ready 11:4
really 8:1 23:11
reason 16:16
reasons 11:4
  13:13,14 22:21
recall 13:16
recognize 19:3
record 5:19 14:4
  28:4
recorded 1:19
reexamination
  16:9,13
reexaminations
  24:6
reexams 23:22
regard 17:8
regarding 22:19
  24:9
regards 5:5
Registered 1:20
  28:2
reject 9:13
related 28:11
relates 10:6
relative 13:18
  18:16
relevance 21:16
relevant 16:20
  26:16
reporter 1:21
  5:7,8,11 26:2
  28:1,2
represented 7:8
request 6:15,22
  8:11 9:14 23:1
  23:6 25:12
requesting 8:19
  11:13
requests 21:11

21:14,20 22:15
reserve 12:9
reset 18:5
respect 10:4
responses 14:2
Reston 3:9
reverse 16:6
review 7:4 16:13
  24:7
right 5:10 6:12
  10:10,21 11:6
  11:17 13:8,20
  14:4 18:14
  20:11 22:6,12
  24:20 25:1
Robert 4:4 6:3
  28:8
roll 5:12
Rule 9:17

        S
S 2:1,1 3:1 4:1
  5:1
Sally 1:18 2:4
saying 18:21
says 9:10
scenario 9:20
  18:7
second 18:2,6
  24:11
Secondly 21:6
section 17:17
see 12:19 21:1,4
seeing 8:22
  12:16
seen 8:22 20:2
sense 17:6 18:3
sent 8:4,4
separate 20:9
set 18:5
settlement 6:15
  7:8,9,10,17,22

8:3,14 22:21
  23:3,15
seven 21:8 24:20
side 12:2
Sidley 2:10 5:13
  28:10
similar 25:10
situation 6:18
  7:15,21 16:22
  18:1
situations 17:19
Siu 2:5 5:5
somewhat 15:13
  17:22 18:14
soon 21:17 22:2
sorry 25:3
sounds 11:9
specifically
  24:15 25:7
Square 3:7
stand 9:9
standing 21:1,5
standpoint 12:1
State 1:21 28:3
stated 12:20
statements 14:1
STATES 1:1
status 14:14
  17:16 18:14
  26:11,15
statute 7:5,15,16
  9:1 10:2 19:14
stay 25:9
stenographica...
  1:19
Stenotype 28:5
STEPHEN 2:5
Street 2:11 4:6
strong 22:21
  23:8
subjected 21:8
  21:10

subpoenaed
  21:9,9,10
subpoenas 21:8
substantially
  9:15
sued 17:20 18:1
suggest 22:20
Suite 2:11
Summer 4:6
Sunstein 4:5 6:3
  28:8
supporting 13:1
supports 23:14
sure 12:12 15:16
  19:13

        T
take 5:12 9:13
  13:1 21:2
  25:21
taken 15:2 22:1
  28:4
Teleconference
  1:18
terminate 6:14
  6:21,22 7:12
  8:10,16,18
  11:11 13:5
  14:19 15:15
  17:8 18:21
  22:2,17 23:6
  23:12 24:13
terminated 7:5
  15:11
terminating
  13:14
termination 8:5
  12:13 13:1
  14:8 15:8
  18:12 19:9
  20:2,5,8 22:22
  23:15

Texas 15:19
  16:7
Thank 6:5,12
  11:20 12:10
  20:20 22:8
  25:14 27:1,4
thanks 26:22
  27:3
thing 12:15 15:6
  26:10
things 21:22
think 7:14 9:8
  10:3,11,16
  16:19 17:15
  18:18 19:14
  20:17 21:22
  22:11,13,19
  23:5,7,13,21
  24:5,8 25:15
thinking 9:3
third 13:11 19:5
thought 18:19
Timbers 4:5 6:4
  28:9
time 12:9 14:20
  24:16
timely 21:3
timing 18:12
today 25:22
tomorrow 26:3
  26:5
top 7:16
totally 21:17
TRADEMARK
  1:1
transcribed
  1:22
transcript 26:1
  28:4
trial 1:2 2:3
  12:14,15 15:12
  15:21 17:4

Patent Nos.  6,502,135, 7,490,151, 7,418,504, 7,921,211
Teleconference                                                October 29, 2013

6

18:4 19:15,20
  19:22 22:20
**tried** 10:15
**true** 7:19 28:4
**try** 9:7 19:13
**trying** 11:7 19:7
  19:11
**Tuesday** 1:16
**twice** 18:1
**two** 3:7 11:7
  15:20 20:9
  23:10 26:6
**typically** 7:5

**U**

**U** 2:1
**U.S.C** 7:6
**ultimate** 14:21
  16:14
**uncertain** 17:16
  18:14
**understand**
  10:14 18:19
  21:7 23:4
**understands**
  6:13
**understood** 8:9
**underway** 15:18
**UNITED** 1:1
**unopposed** 11:1
  11:12
**unpatentable**
  14:17 16:8,12
**updates** 15:17
  26:11

**V**

**v** 1:4,7,10,13
**validity** 24:10
**variables** 26:15
**Vernetx** 23:12
**view** 13:2 14:7
  14:18 16:19

**VIRENTX** 1:5,8
  1:11,14
**Virginia** 3:9
**Virnetx** 3:3 6:8
  6:21 7:12 8:4
  11:21 15:19
  18:1,6 21:14
  22:7,16 23:22
  24:16 26:20
  28:7
**Virnetx's** 12:2
  26:13
**voicing** 12:5

**W**

**wait** 25:17
**waiting** 14:5
**want** 10:13,14
  10:14 11:19
  15:16 16:4
**wanted** 8:9 15:6
  26:10
**warranted**
  14:13
**Washington**
  2:12 3:17
**waste** 14:20
**way** 8:16 10:9
**We'll** 26:18
**we're** 10:18 11:4
  18:2,14 25:10
  25:16,21 26:16
**we've** 12:12
  14:10 15:17
  16:1 20:2
  21:10 26:12,14
**week** 16:2
**weigh** 20:4,12
**willing** 22:17
  23:12
**window** 18:2
**wish** 7:1

**withdrawal**
  17:5
**wondering** 12:4
**Wonnell** 1:20
  5:9 28:2,19
**Wood** 2:10
**words** 10:13
**work** 11:7
**wouldn't** 9:6
  11:22 16:19
  18:21
**wrap** 16:22
**writing** 7:18
**written** 10:7,19

**X**

**Y**

**Yeah** 9:22 10:6
**year** 17:20
**Yokoyama** 2:17
  5:15,15,22
  28:10
**York** 3:16

**Z**

**0**

**02110-1618** 4:7

**1**

**1** 2:20
**11955** 3:8
**125** 4:6
**134** 25:6
**1501** 2:11

**2**

**2** 25:19
**2:00** 5:2
**20005** 2:12 3:17
**2013** 1:16 25:6
  28:5,14

**2017** 28:21
**20190-5675** 3:9
**202** 2:13 3:18
**203-2700** 3:10
**29** 1:16
**29th** 28:5,14

**3**

**3:00** 1:17 28:5
**3:27** 27:7 28:6
**30** 9:12
**300** 21:11,11
**31** 9:12 28:21
**315** 10:2,5 17:17
**315(b)** 17:18
  18:16 24:13,21
**315(e)** 10:6
**317** 7:6,15 8:16
**325(d)** 9:4,9
  10:12 11:15
**34** 25:6
**35** 7:5
**352(b)** 9:21
**376** 5:6
**377** 5:6
**378** 5:6

**4**

**408** 2:22
**408-4000** 3:18
**42.73** 8:11 11:12
**42.73(b)** 9:18
**443-9292** 4:8

**5**

**571** 3:10

**6**

**6,502,135** 1:4
**600** 2:11
**617** 4:8

**7**

**7,418,504** 1:10
**7,490,151** 1:7
**7,921,211** 1:13
**736-8000** 2:13

**8**

**835577** 1:21
  28:2

**9**

**901** 3:16
**95014** 2:21
**974-0761** 2:22